PEOPLE v FREEMAN

1. CRIMINAL LAW—JURY—MAJOR OFFENSE—LESSER INCLUDED OF-
   FENSES—INSTRUCTIONS TO JURY.

   There is no obligation for a jury to find a defendant not guilty of
   the major offense before it can consider lesser included offenses,
   and trial judges should not explicitly charge the jury with such
   an obligation, nor should they suggest it implicitly.

2. CRIMINAL LAW—LESSER INCLUDED OFFENSES—INSTRUCTIONS TO
   JURY—EXCLUSION BY IMPLICATION.

   An instruction to the jury which excludes by implication consid-
   eration of lesser included offenses, unlike an instruction which
   affirmatively excludes consideration of lesser included offenses,
   does not constitute reversible error.

Appeal from Oakland, William R. Beasley, J.
Submitted Division 2 November 7, 1974, at Lans-
ing. (Docket No. 19714.) Decided November 27,
1974. Leave to appeal applied for.

Charles Freeman was convicted of armed rob-
bery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *L. Brooks Patterson,*
Prosecuting Attorney, and *Richard G. Bensinger,*
Assistant Appellate Counsel, for the people.

*Stoller & Talpos,* for defendant.

Before: QUINN, P. J., and McGREGOR and
O'HARA,* JJ.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 12 Am Jur 2d, Criminal Law §§ 185, 494.
   * Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

PER CURIAM. Defendant was convicted on the charge of armed robbery, MCLA 750.529; MSA 28.797, by an Oakland County Circuit Court jury.

This is another in an increasing number of appeals involving trial court instructions relating to the supposed obligation of a jury to find a defendant not guilty of the major offense charged before it can consider what has been known for years in the judicial terminology of this state as "lesser included offenses".

This is *not* the law of the state of Michigan, and to the best of our knowledge it never was. Trial judges should not so charge explicitly and they should not suggest it implicitly by language such as was used in this case. We quote the question charged in the case at bar:

> "Now, jury members, the law requires that I also define for you and indicate to you what are known as lesser included offenses and I am going to do that.
>
> "Now, my instruction to you is that when you undertake to resolve these matters from the evidence you have heard in accordance with this instruction that you will *first* direct yourself to the issue that I have just indicated, that being an issue of whether or not the prosecution has proved beyond a reasonable doubt that this defendant is guilty of armed robbery as I have described it. If you do not so find, then you must give consideration to the lesser included offenses that I am now going to describe for you." (Emphasis supplied.)

This charge comes perilously close to the interdiction in *People v Ray,* 43 Mich App 45; 204 NW2d 38 (1972), and *People v Harmon,* 54 Mich App 393; 221 NW2d 176 (1974).

The situation created by instructions of like ilk raises the same troublesome and misty gray areas as was created by *People v Lemmons,* 384 Mich 1; 178 NW2d 496 (1970), where the Supreme Court

speaking through the late Justice DETHMERS condemned explicity affirmative exclusion of lesser included offenses, but left seemingly open the situation where the trial judge negatively omitted any reference thereto. The erroneous instruction in *Lemmons* was:

" 'There are only two possible verdicts as to each defendant. You may find the defendant, naming them individually, guilty of robbery armed or not guilty. *There are no included offenses.' "* (Emphasis supplied.) 384 Mich at 2.

This Court construed the *Lemmons* rule in *People v Goldfarb,* 37 Mich App 57; 194 NW2d 535 (1971), *lv to app den,* 386 Mich 787 (1972).

We said the *Lemmons* rule was limited to explicit exclusion rather than to exclusion by implication.

"We read *Lemmons* to mean that there is a distinction between excluding from the jury consideration of lesser included offenses by implication, as in this case, and affirmatively stating that there are no lesser included offenses. Only the latter constitutes reversible error.

"We have studied *Lemmons* with great care and can come to no other conclusion than that which is reflected in the distinction hereinbefore set forth. If we err in our construction, this case provides a basis for the Supreme Court to speak to the issue and settle it with finality." 37 Mich App at 58–59.

So in this case the charge did not expressly require a finding of not guilty before the lesser offenses could be considered. Rather the court directed the jury to consider that issue first. Strictly speaking there is no such requirement to our knowledge. How the jury proceeds in its sacrosanct jury room is not ours to prescribe. We hold

then, as we did in *Lemmons,* that the invitation—
and that's all it was—to consider the major charge
of robbery armed, MCLA 750.529, *supra,* was not
reversibly erroneous. We repeat, similar language
is better avoided.

We commend the parties for their extensive and
helpful briefs.

We have examined the additional claims of error
of prosecutorial misconduct and lack of proof be-
yond a reasonable doubt and find neither merits
reversal.

The judgment of conviction is affirmed.