PEOPLE v SZYMAREK

1. CRIMINAL LAW—APPEAL AND ERROR—JURY VERDICT—SETTING
   ASIDE VERDICT—INSTRUCTIONS TO JURY—OBJECTIONS TO IN-
   STRUCTIONS—MISCARRIAGE OF JUSTICE.
   A jury verdict in a criminal case will not be set aside on the
   ground of error in the court's instructions to the jury unless
   the error complained of has resulted in a miscarriage of justice
   where defense counsel voiced no objections to the instructions
   as given and indicated that he was satisfied with the instruc-
   tions (MCLA 769.26).

2. ASSAULT AND BATTERY—DEFENSES—SELF-DEFENSE—RETREAT—
   DWELLING—USE OF FORCE.
   A man is not obliged to retreat if assaulted in his dwelling, but
   may use such means as are absolutely necessary to repel the
   assailant from his house, or to prevent his forcible entry, even
   to the taking of life.

3. ASSAULT AND BATTERY—DEFENSES—SELF-DEFENSE—HOME—AS-
   SAULT OUTSIDE HOME—INSTRUCTIONS TO JURY—RETREAT.
   A trial judge committed no error in failing to instruct the jury
   that a man need not retreat from his home when attacked and
   that he may take reasonable measures to repel a forcible entry
   and prevent danger to himself and his family, where defendant
   assaulted his neighbor outside defendant's home.

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OF-
   FENSES—JURY CONSIDERATION—ERROR.
   It was not error for a trial court to instruct the jury that if they
   did not find the greater charge proved they should consider the
   lesser included offenses, where the court did not require unani-
   mous agreement on defendant's innocence of the greater charge
   before discussion of the lesser charges was permitted, but
   merely instructed the jury that if they could not, or did not,

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 906 *et seq.*
[2] 6 Am Jur 2d, Assault and Battery § 171.
[3] 6 Am Jur 2d, Assault and Battery § 161.
[4] 21 Am Jur 2d, Criminal Law §§ 185, 494.

convict on the higher charge they should also examine the lesser offenses.

Appeal from Wayne, Roland L. Olzark, J. Submitted Division 1 November 12, 1974, at Detroit. (Docket No. 17574.) Decided January 6, 1975. Leave to appeal applied for.

Melvin R. Szymarek was convicted of assault with intent to do great bodily harm less than murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, *Patricia J. Boyle,* Principal Attorney, Research, Training & Appeals, and *David Karapetian,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: BASHARA, P. J., and DANHOF and VAN VALKENBURG,* JJ.

BASHARA, P. J. Defendant was convicted by a jury of assault with intent to do great bodily harm less than murder. MCLA 750.84; MSA 28.279.

The facts at trial reveal that the home of a codefendant, Alphonse Schaaf, Jr., was next door to that of Edward Pasnik, the complaining witness. Pasnik was separated from his wife and testified that he had heard she was at Schaaf's home. Testimony appears to be undisputed that in the early afternoon on November 24, 1972, Pasnik went to Schaaf's home. An argument ensued and Pasnik attacked Schaaf with a ball-peen hammer,

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

hitting and finally felling him. Schaaf testified that Pasnik indicated that he would come back that night to kill Schaaf, his wife, and Pasnik's own wife and children.

Pasnik stated that he returned to his own home later that night from work at about 10:30 p.m. As he was attempting to enter his house, he heard a door shut behind him. Two people ran out of Schaaf's house. He heard a shotgun blast and was hit in the head and side of his face. Pasnik further testified that he recognized defendant and Schaaf as his assailants and that both men beat him with the butts of their guns. He was able to crawl to a nearby coal bin where he sat supporting himself until police came.

Schaaf stated that defendant was his brother-in-law, and had come over to assist him in the event that Pasnik returned that evening. Schaaf was upstairs in his home at approximately 10:30 p.m. that evening when he heard breaking glass in his house. He concluded that Pasnik had returned and he and defendant grabbed rifles and ran outside. Schaaf called to Pasnik, who turned at the sound of his name. Schaaf admitted that both he and defendant fired at Pasnik simultaneously, attempting to hit him in the leg. Schaaf then went over to Pasnik and asked somebody to call the police.

Defendant first alleges the trial judge erred in failing to instruct the jury that a man need not retreat from his own home when attacked and he may take reasonable measures to repel a forceable entry to prevent danger to himself and his family.

At the conclusion of the trial court's instructions, the judge asked if there were any objections. Defense counsel voiced none and indicated he was satisfied with the instructions. Therefore, absent a miscarriage of justice, this Court should not set

aside a jury verdict on the basis of error in the instructions.[1]

We conclude, however, that no error was committed. This Court was confronted with a similar issue in the case of *People v Godsey,* 54 Mich App 316, 319, 220 NW2d 801 (1974). There the Court stated:

"To this retreat requirement there has been engrafted a well established exception—which is beyond our power as an intermediate level appellate court to disturb—that a 'man is not, however, obliged to retreat if assaulted in his dwelling, but may use such means as are absolutely necessary to repel the assailant from his house, or to prevent his forcible entry, even to the taking of life'. *Pond v People,* [8 Mich 150] *supra,* 177."

Viewing the facts most favorably to defendant, he and codefendant Schaaf grabbed guns, ran to the door of Schaaf's house and saw Pasnik running back toward his own house. These facts do not entitle defendant to an instruction on the "no retreat" rule. As further stated in *Godsey, supra,* 320:

"Was the defendant in his dwelling at the time of the fatal assault? If so, the trial court was obliged to *sua sponte* instruct the jury with respect to the no retreat rule. *People v Paxton,* 47 Mich App 144; 209 NW2d 251 (1973). If not, the trial court's failure to so instruct was, of course, not reversible error."

Defendant next contends that it was error to instruct the jury that if they did not find the charge of assault with intent to commit murder proven, that they had to consider the lesser included offenses.

The trial judge instructed the jury on three

---

[1] MCLA 769.26; MSA 28.1096.

possible lesser included offenses: 1. Assault with intent to do great bodily harm less than the crime of murder; 2. Felonious assault; 3. Assault and battery.

The instruction complained of was:

"There are three offenses embraced in this information of lesser degree than Assault With Intent to Commit Murder. And it is necessary that they be defined because in the event you find that the defendants committed an assault as I have defined it, but without intent to commit murder, then it becomes necessary for you to consider these lesser offenses."

Defendant claims that the above instruction was unduly coercive. In support of that proposition he relies on *People v Ray,* 43 Mich App 45, 48; 204 NW2d 38 (1972). *Ray,* however, is distinguishable from the case at bar. There the trial judge instructed the jury in pertinent part as follows:

" 'If you find the defendant not guilty of the first charge, then go to the second charge. You don't have to vote on all of them. If you find him guilty of the first charge, there is no need to go to the other charges.

* * *

" '*The Court:* Well you have to either keep voting on the first charge until you either all find him not guilty, or all find him guilty.' "

In *Ray, supra,* the court required the jury to acquit on the higher charge before they could go on to lesser offenses. In the instant case, the trial judge did not require the jury to acquit the defendant before considering lesser offenses; he merely instructed them that if they could not, or did not, convict on the higher charge, they should also examine the lesser offenses. Unlike the circumstances in *Ray, supra,* there was no "requirement

of unanimous agreement on defendant's innocence of the greater charge before discussion of the lesser charges [was] permitted * * * ". *People v Ray, supra,* at 50. See also, *People v Harmon,* 54 Mich App 393; 221 NW2d 176 (1974).

The entire instruction, when read in conjunction with the cases cited, convinces us that no error was committed.

We find the remaining issues to be sufficiently without merit so as to warrant no further discussion.

Affirmed.

All concurred.