PEOPLE v BRITT

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OF-
   FENSES—JURY—FINDING OF GUILT—UNANIMITY.

   An instruction to the jury that they may not consider lesser
   included offenses until they are unanimously agreed that the
   defendant was not guilty of the higher offense is improper;
   however, an instruction to the jury that they should consider
   lesser included offenses if they did not unanimously find the
   defendant guilty was proper.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—STATUTES—FELONIES—
   READING STATUTES.

   A trial court may read the statute describing the charged offense
   to the jury, even though the statute indicates that the offense is
   a felony.

3. CRIMINAL LAW—PROSECUTOR—ARGUMENTS OF PROSECUTOR—BELIEF
   OF GUILT—EVIDENCE.

   A prosecutor may not argue that he is personally convinced of
   the defendant's guilt; however, the prosecutor may argue that
   the evidence shows the defendant guilty.

Appeal from Jackson, Gordon W. Britten, J. Submitted Division 2, October 9, 1974, at Lansing. (Docket No. 17799.) Decided January 7, 1975.

William O. Britt was convicted of assault with intent to do great bodily harm less than murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James M. Justin,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial §§ 876–882.
[2] 21 Am Jur 2d, Criminal Law § 20.
[3] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.

*Marc L. Goldman,* and *Norris J. Thomas, Jr.,* Assistants State Appellate Defender, for defendant.

Before: QUINN, P. J., and BASHARA and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. After a jury trial the defendant was convicted of assault with intent to do great bodily harm less than murder. MCLA 750.84; MSA 28.279. He now appeals and we affirm.

The defendant contends that the trial court erred in instructing the jury that if they did not find the defendant guilty of the offense charged they could then consider the lesser included offenses. The defendant relies on *People v Ray,* 43 Mich App 45; 204 NW2d 38 (1972). However, we conclude that neither that case nor *People v Harmon,* 54 Mich App 393; 221 NW2d 176 (1974), requires reversal of this case.

In both *Ray* and *Harmon* the court instructed the jury that they should first consider the crime charged and that they could not properly consider the lesser included offenses until such time as they were unanimously agreed that the defendant was *not guilty* of the higher offense. That is not what was done in the case at bar. In this case the jury was instructed that their verdict must be unanimous. The court then informed them that they should first consider the crime charged and if they did not find the defendant guilty to consider the lesser included offenses in descending order. In other words, the jury was told that if they did not

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

unanimously find the defendant *guilty* they should proceed to consider the lesser included offenses.

In this case the jury was not told that they must make an unaminous finding of not guilty of a higher offense before they could consider a lesser. The trial court merely indicated a logical method of considering the possible verdicts in an orderly sequence. This is not error. *People v Bates,* 55 Mich App 1; 222 NW2d 6 (1974). See also *People v James,* 51 Mich App 777; 216 NW2d 473 (1974).

While we find no error, we would add one brief comment. In order to remove all doubt in borderline cases, it would be wise to instruct the jury that they need not unanimously find the defendant not guilty of the higher offense before they proceed to consider lesser included offenses. We would urge the trial courts to give such an instruction.

Defendant argues that the trial court erred in reading the statute to the jury because the statute described the crime as a felony. This contention is without merit. *People v Nichols,* 391 Mich 813 (1974).

The defendant contends that the prosecutor improperly stated to the jury his belief in the defendant's guilt. This contention lacks merit. The prosecutor cannot argue that he is personally convinced of the defendant's guilt but he can argue that the evidence showed the defendant guilty.

The defendant's final contention is that he is entitled to credit for time spent in prison on a previous offense. This contention lacks merit because of the holding of the Supreme Court in *People v Patterson,* 392 Mich 83; 219 NW2d 31 (1974).

Affirmed.

All concurred.