PEOPLE v WALDRON

OPINION OF THE COURT

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OF-
    FENSES.

    An instruction to a jury requiring unanimous agreement on a
    defendant's innocence of a greater charge before discussion of
    the lesser charges is permitted is coercive, unduly restrictive
    and reversible error.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OF-
    FENSES.

    An instruction to a jury regarding consideration of lesser in-
    cluded offenses was not coercive and unduly restrictive where
    the instruction, when read as part of the entire charge to the
    jury, did not require unanimous agreement on the principal
    charge before any attention could be given to the lesser offense
    but merely indicated that there was a lesser offense which they
    may have wanted to consider in the event they determined that
    the defendant should not be convicted on the greater charge.

3. CRIMINAL LAW—TRIAL—SEPARATE TRIAL—COURTS—DISCRETION—
    STATUTES.

    The granting or denial of a separate trial in a criminal case is
    discretionary in the trial court (MCLA 768.5).

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—ELEMENTS OF OFFENSE—
    INDICTMENT AND INFORMATION—STATUTES.

    Instructions to a jury did not omit an essential element of the
    crime charged where the trial court read the information and
    the applicable statute during the charge to the jury.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 6] 21 Am Jur 2d, Criminal Law §§ 185, 494.

[3] 75 Am Jur 2d, Trial §§ 17, 18, 21, 23, 24.

[4] 75 Am Jur 2d, Trial §§ 713, 715.
    Duty in instructing jury in criminal prosecution to explain and
    define offense charged. 169 ALR 315.

[5] 5 Am Jur 2d, Appeal and Error §§ 719, 807.

DISSENT BY D. E. HOLBROOK, JR., J.

5. APPEAL AND ERROR—INSTRUCTIONS TO JURY—CRIMINAL LAW.

*The Court of Appeals must consider the entire charge to the jury in a criminal case in viewing claimed errors in instructions to the jury.*

6. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSES.

*Instructions to the jury on lesser included offenses were coercive, unduly restrictive and reversibly erroneous where, considering the entire instructions, the plain and obvious meaning to an average juror would be that before the lesser included offense could be considered the jury must reach a unanimous agreement of the defendant's innocence on the major charge.*

Appeal from Emmet, Edward H. Fenlon, J. Submitted April 17, 1975, at Lansing. (Docket No. 17850.) Decided October 13, 1975. Leave to appeal denied, 396 Mich —.

Richard W. Waldron was convicted of possession with intent to deliver marijuana. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John F. Salan,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, and *Aloysius J. Lynch,* Special Assistant Attorney General, of counsel), for the people.

*Hayes & Goldstein, P. C.* for defendant.

Before: DANHOF, P. J., and BASHARA and D. E. HOLBROOK, JR., JJ.

DANHOF, P. J. Defendant was convicted by a jury of possession with intent to deliver the controlled substance marijuana, MCLA 335.341(1)(c); MSA 18.1070(41)(1)(c). He was sentenced to nine months

in jail, five years probation, and fined $2,000; and he appeals as of right. We affirm.

Two undercover police officers of the Petoskey police department picked up a hitchhiker shortly past midnight on July 10, 1972. The hitchhiker told them that marijuana could be purchased at a certain house. The officers proceeded to that house where they were greeted by the codefendant in this case, who, in the presence of the defendant, confirmed the availability of the controlled substance and agreed to a price. The officers returned at 2:30 a.m., purchased a quantity of marijuana for $150, and arranged to return later to purchase more.

At 8 a.m. on the same day, the officers returned and agreed with the two defendants to purchase nine pounds of marijuana. The defendants produced nine bags which had been placed in a cardboard box and a paper grocery bag. When the defendants offered to assist the officers to carry the marijuana to their car, they were both placed under arrest.

The only issue of significance raised by the defendant on appeal involves his contention that the trial court erred by instructing the jury that they must consider the principal charge before they could consider lesser included offenses. In support of this argument, defendant cites *People v Harmon,* 54 Mich App 393; 221 NW2d 176 (1974), which was based upon *People v Ray,* 43 Mich App 45; 204 NW2d 38 (1972). This contention reflects some confusion over the rule formulated in *Ray* and applied in *Harmon* which may be clarified by an examination of those decisions and subsequent decisions of this Court refining that rule.

In *Ray,* the trial court instructed the jury in part:

" 'If you find the defendant not guilty of the first charge, then go to the second charge. You don't have to vote on all of them. If you find him guilty of the first charge, there is no need to go to the other charges.

\*    \*    \*

" '*The Court: Well you have to either keep voting on the first charge until you either all find him not guilty, or all find him guilty.*' " (Emphasis in original.) 43 Mich App 48.

Defendant Ray objected to this charge, contending "that the emphasized portion of the court's instruction, by requiring unanimous agreement on defendant's innocence of the greater charge before they could consider the lesser charges was unduly coercive and deprived defendant of a fair trial". This Court accepted the defendant's contention and held that, "the requirement of unanimous agreement on defendant's innocence of the greater charge before discussion of the lesser charges is permitted is coercive, unduly restrictive and reversible".

Thus, it is apparent that in *Ray,* the Court found reversible error in the trial court's insistence that *unanimous* agreement be reached before other offenses were considered. Reversible error was not necessarily found in that part of the infirm instruction relating to the order in which the various possible verdicts were to be considered.

This distinction is also evident in *People v Harmon, supra.* In that case, the trial court had instructed the jury in a supplemental charge:

" 'If you find that he did commit the act upon—of rape \* \* \* beyond a reasonable doubt, then, he is guilty of the crime charged. *Before you can go or consider the lesser included offenses, you must first then determine that he did not commit that crime. If you consider that*

*and find and are satisfied from your deliberations that
he did not commit the crime as charged, then you can
consider the lesser included offenses and only then.*
That would be the assault with intent to commit rape,
assault and battery, or simple assault. If you are not
satisfied beyond a reasonable doubt that he committed
any of those acts, then, the verdict would be not guilty.'
(Emphasis added.)" 54 Mich App 394.

In finding this instruction reversibly erroneous,
the Court had occasion to discuss the rationale of
the *Ray* decision:

"*Ray* seeks to prevent those jurors opposed to a
defendant's conviction on a higher charge from being
coerced into voting for conviction by an instruction
requiring acquittal of that higher charge before lesser
offenses can even be considered. For example, if the
jury is considering the charge of assault with intent to
commit rape, and juror A is opposed to conviction, he
may be coerced into changing his vote to guilty by the
prospect that the lesser included offenses of assault and
battery and simple assault will not even be considered
unless all the remaining 11 jurors agree to acquit the
defendant of assault with intent to commit rape."

Again, the principal flaw in this instruction was
held to be the requirement that all of the jurors
reach agreement on the greater charge before
lesser offenses could be considered.

This distinction is reinforced by consideration of
those decisions which cite *Ray,* but which do not
find reversible error in the complained-of instruc-
tion. In *People v James,* 51 Mich App 777, 786; 216
NW2d 473 (1974), the defendant relied upon *Ray*
in arguing that the trial court's instruction was
coercive in that it unduly restricted the jury's
method of deliberation. This argument was re-
jected by this Court:

"Read in their entirety, the instructions on lesser included offenses do not support defendant's position. Contrary to the situation presented in *Ray*, there was no 'requirement of unanimous agreement on defendant's innocence of the greater charge before discussion of the lesser charges (was) permitted * * * .' "

A similar argument was raised in *People v Bates,* 55 Mich App 1, 6; 222 NW2d 6 (1974). This Court discussed the lower court's instruction in relation to the *Ray* rule on unanimity:

"The trial court in the present case indicated that the jury should deliberate initially on the major charge, then weigh the lesser included offenses, and finally consider an acquittal. This instruction did not impose a requirement of unanimous agreement at each stage of the jury's deliberation. The trial court merely indicated a logical method whereby the various possible verdicts would be considered in an orderly sequence. This instruction, to which no objection was made at trial, is not reversibly erroneous."

It thus becomes clear that the reported cases have involved two defects in the charge on lesser included offenses; one of them reversibly erroneous, and the other not necessarily so. Although it is not the law in this state that a jury must consider possible verdicts in any particular order, an instruction to this effect, although undesirable and expressly discouraged, is not reversibly erroneous. It is only when a jury is instructed that they must first decide the greater charge and reach unanimous agreement on it before they can even consider lesser offenses that reversible error arises. Failure to recognize this distinction has led to the mistaken conclusion, reached by the defendant in the present case, that any time a trial judge mentions a sequence by which the jury might

consider possible verdicts, the instruction becomes coercive and produces reversible error.[1]

This distinction appears in the recent decision in *People v Freeman,* 57 Mich App 90, 91; 225 NW2d 171 (1974). In that case, the Court considered the following instruction:

" 'Now, my instruction to you is that when you undertake to resolve these matters from the evidence you have heard in accordance with this instruction that you will *first* direct yourself to the issue that I have just indicated, that being an issue of whether or not the prosecution has proved beyond a reasonable doubt that this defendant is guilty of armed robbery as I have described it. If you do not so find, then you must give consideration to the lesser included offenses that I am now going to describe for you.' (Emphasis supplied.)"

The Court observed that this instruction is "perilously close" to that condemned in *Ray* and *Harmon,* but concluded that the trial judge "did not expressly require a finding of not guilty before the lesser offenses could be considered". All that he did do, was to direct that the principal offense be considered first. Of course, there is no requirement to that effect; "How the jury proceeds in its sacrosanct jury room is not ours to prescribe." Nevertheless, the instruction "was not reversibly erroneous" although "similar language is better avoided".

In the present case, the trial court instructed

---

[1] The distinction has recently been recognized by a panel of this Court over which Judge V. J. BRENNAN, the author of the opinion in *People v Ray, supra* presided. While approving the decision in *Ray,* the panel in *People v Bankston,* 61 Mich App 275; 232 NW2d 381 (1975), quoted with approval from *People v Bates, supra,* to indicate that an instruction which does not include "the coercive requirement of unanimous agreement" is "factually distinguishable" from the instruction found in *Ray.*

the jury in the following language deemed objec-
tionable by the defendant:

> "If you decide that your verdict is not guilty of the
> offense of possession and delivery of marijuana as it
> relates to one or both of the defendants, you may then
> consider if the people have proved the included offense
> of possession of marijuana."

This instruction, especially when read as part of
the entire charge, does not require unanimous
agreement on the principal charge before any
attention can be given to the lesser offense.
Rather, it suggests that if, at any time, the jury
were to decide that the defendant is not guilty of
the principal offense, then the jury "may" consider
the lesser offense. The jury was not told that they
"must" consider the lesser charge, as they were in
*Freeman;* there is even less of a coercive tendency
in the language used in the present case than
there was in that used in *Freeman.* The trial court
merely indicated to the jury that there was a
lesser offense which they may want to consider in
the event that they determined that the defendant
should not be convicted on the greater charge. No
rigid pattern forcing each juror to come to a final
decision at each step was imposed by the trial
court's comment. No fixed procedure governing the
jury's deliberation was required.

We reiterate the admonition in *Freeman* to
avoid any attempt to structure the jury's delibera-
tive process. However, we conclude that the lan-
guage used in the present case did not constitute
reversible error.

The remaining issues raised by the defendant
are of little merit. Defendant argues that the trial
court erred by denying his motion for a separate
trial. The granting or denial of a separate trial is

discretionary in the trial court. MCLA 768.5; MSA 28.1028. *People v Schram,* 378 Mich 145; 142 NW2d 662 (1966). Defendant has not shown prejudice to any substantial right. *People v Foster,* 51 Mich App 213; 214 NW2d 723 (1974), *lv den* 392 Mich 778 (1974). The trial court did not abuse its discretion under the circumstances of this case. *People v Patton,* 15 Mich App 198, 201; 166 NW2d 284 (1968).

During the charge to the jury, the trial court read the information and the statute. Thus, the instruction did not omit an essential element of the crime, contrary to defendant's assertion on appeal. *People v Wheat,* 55 Mich App 559, 562–563; 223 NW2d 73 (1974). Furthermore, not only did defendant's trial counsel fail to preserve the question for appeal by timely objection, he affirmatively expressed satisfaction with the instruction. GCR 1963, 516.2.

Affirmed.

Bashara, J., concurred.

D. E. Holbrook, Jr., J. *(dissenting).* Viewing the totality of the court's instructions, I am of the opinion that reversible error occurred. With respect to the jury's consideration of the lesser included offense of possession of marijuana the trial judge instructed the jury, in pertinent part, as follows:

*"If you decide that your verdict is not guilty* of the offense of possession and delivery of marijuana * * * , *you may then* consider if the People have proved the included offense of possession of marijuana." (Emphasis supplied.)

The foregoing is tantamount to instructing the

jury that they should not consider the included offense unless they first reached a *verdict* of not guilty on the principal charge. The word *verdict* is the key word, for subsequently the court instructed the jury:

"Now I charge you further, members of the jury, that in a criminal case of this nature *it is necessary for your verdict to be by unanimous consent. It would be a verdict of all of you, all 12 of you."* (Emphasis supplied.)

In viewing claimed errors in instructions to the jury, this Court must consider the entire charge. *People v Wright,* 58 Mich App 735; 228 NW2d 807 (1975), *People v Weems,* 19 Mich App 553; 172 NW2d 865 (1969).

When the two instructions are considered together the plain and obvious meaning to an average juror would be that before the lesser included offense could be considered it would be necessary for the jury to reach unanimous agreement of defendant's innocence on the major charge. The court might just as well have instructed the jury to the effect that if all 12 agreed on acquittal they might then consider the lesser included offense. Or in the reverse, that they could not consider the lesser included offense unless they first unanimously agreed that defendant was not guilty of the principal charge.

The instructions given by the trial court in all of the cases cited by the majority, as being supportive of its position, are far different and distinguishable from the instructions given by the court in this case.

Had the court said, *"If you fail to reach a verdict of guilty* of the main charge you may then consider the lesser included offense", I would affirm as does the majority since such a statement

even taken in conjunction with the instruction defining a verdict would not require unanimity. If one juror failed to vote for acquittal the jury would have failed to reach a verdict. Here, however, the court's instructions *required a verdict* which can only be reached by unanimous consent of each juror.

This is not a situation where the court merely provided the jury with a logical sequence of deliberation whereby they might consider possible verdicts; but one in which the court's instructions required unanimous agreement of defendant's innocence on a greater charge before consideration of the lesser. Hence, under *People v Ray,* 43 Mich App 45; 204 NW2d 38 (1972), the court's instructions were coercive, unduly restrictive and reversibly erroneous.

I would reverse and remand for a new trial.