PEOPLE v DON FRANCISCO LOPEZ

1. CRIMINAL LAW—JURY—VERDICT—LANGUAGE.

A jury rendering its verdict is not required to restate all of the statutory language defining a charged offense.

2. CRIMINAL LAW—JURY—VERDICT—NATURE—FORM—APPEAL AND ERROR.

A defendant who did not question the nature or form of a jury's verdict at trial, even though given an opportunity to do so, may not question the nature or form of the verdict on appeal.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—APPEAL AND ERROR.

A court's instructions on lesser included offenses were not reversibly erroneous where they merely indicated that the jury should deliberate initially on the major charge, then weigh the lesser included offenses, and finally consider an acquittal, but where the court specifically told the jury to go on to lesser offenses if they were deadlocked on the major offense and the more serious of the lesser included offenses.

Appeal from Recorder's Court of Detroit, Dalton A. Roberson, J. Submitted October 8, 1975, at Detroit. (Docket No. 22820.) Decided November 14, 1975. Leave to appeal denied, 396 Mich 824.

Don Francisco Lopez was convicted of entering without breaking a dwelling house with intent to commit a felony therein. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 76 Am Jur 2d, Trial §§ 1141, 1142.
[3] 75 Am Jur 2d, Trial §§ 876–882.

Attorney, Research, Training and Appeals, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and BRONSON and T. M. BURNS, JJ.

PER CURIAM. Defendant was charged with the offense of breaking and entering an occupied dwelling house with intent to commit larceny therein, contrary to MCLA 750.110; MSA 28.305. He was convicted by a jury of the lesser included offense of entering without breaking a dwelling house with intent to commit a felony therein, contrary to MCLA 750.111; MSA 28.306. The trial judge sentenced defendant to a term of from three to five years in prison, and defendant appeals by right.

Defendant first contends that he was convicted of a nonexistent crime when the jury returned a verdict of guilty of "entering without breaking". His argument is that only entering without breaking *with intent to commit a felony* is a crime punishable under Michigan law, and that the jury must specifically state the complete name of the felony when returning its verdict. In *People v Clyburn,* 55 Mich App 454; 222 NW2d 775 (1974), we rejected a similar argument as to a jury verdict of guilty of "breaking and entering a business place". We stated therein:

"The language used by the jury can only be interpreted to mean that they found the defendant guilty of breaking and entering with intent to commit larceny as charged. The jury was not required to restate all of the statutory language when rendering the verdict. *People v Levey,* 206 Mich 129; 172 NW 427 (1919). Although

given an opportunity, defendant did not question the nature or the form of the verdict at trial. He cannot do so now." 55 Mich App at 461.

That reasoning applies here, and we find no error.

Defendant also argues that the trial judge's final instructions coerced the jury into giving undue weight to the major offense and the more serious of the lesser included offenses. The pertinent portion of those instructions provided as follows:

"Then when you start considering the testimony you consider the first charge, that is breaking and entering with the intent to commit a larceny. You have to find the defendants guilty or not guilty of that offense and if you do then you stop right there because you have reached a verdict and your verdict has to be unanimous.

"If you can't agree on that one and you feel that you have reached a deadlock then you drop down to the second one which is entering without breaking and then you deliberate on that one. If you find the defendants guilty of entering without breaking or not guilty then you stop there when you have reached a unanimous verdict.

"If you feel that you are deadlocked on that one then you drop down to the third one entering without the owner's permission and you find the defendants guilty of that one or not guilty."

Defendant did not object to these instructions, and we find no reversible error.

The instructions given here merely indicate that the jury should deliberate initially on the major charge, then weigh the lesser included offenses, and finally consider an acquittal. Such an instruction merely indicates a logical method of considering the various possible verdicts, *People v James,* 51 Mich App 777; 216 NW2d 473 (1974), *People v Bates,* 55 Mich App 1; 222 NW2d 6 (1974), *People*

*v Szymarek,* 57 Mich App 354; 225 NW2d 765 (1975), *People v Walker,* 58 Mich App 519; 228 NW2d 443 (1975). These instructions are reversibly erroneous only where they additionally require the jury to unanimously agree that defendant is innocent of the charged crime before any lesser included offenses can be considered, *People v Ray,* 43 Mich App 45; 204 NW2d 38 (1972). Since the trial judge here specifically told the jury to go on to lesser offenses if they were "deadlocked", this instruction does not suffer from that infirmity. The giving of this instruction did not constitute reversible error.[1]

Affirmed.

---

[1] An instruction virtually identical to those upheld in the above-cited cases were found to be improper in *People v Harmon,* 54 Mich App 393; 221 NW2d 176 (1974). The cases have variously distinguished or ignored *Harmon.* However, one panel of this Court has finally recognized the irreconcilability of these cases. *See, People v Bankston,* 61 Mich App 275; 232 NW2d 381 (1975). We agree with the reasoning found therein, and specifically decline to follow the view of the *Harmon* panel.