PEOPLE v ERWIN

PEOPLE v KILGORE

CRIMINAL LAW—JURY—INSTRUCTIONS TO JURY—LESSER INCLUDED OF-
FENSES—VERDICTS BY JURY.

A jury instruction which suggests, but does not explicitly state, that all the jurors must find the defendant not guilty of the charged offense before deliberating on the lesser included offenses is not reversibly erroneous where (1) no objection was made, and (2) similar instructions have been characterized by the Court of Appeals as merely indicating a logical order for the jury's deliberations and not a rigid requirement of unanimous agreement at each stage of the deliberations, and where (3) there is no binding Supreme Court precedent.

Appeal from Kent, Stuart Hoffius, J. Submitted April 8, 1976, at Grand Rapids. (Docket Nos. 21909, 24067.) Decided July 19, 1976. Leave to appeal applied for.

Robert L. Erwin was convicted of armed robbery and assault with intent to commit murder. William S. Kilgore was convicted of armed robbery. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Harold S. Sawyer,* Prosecuting Attorney, *Donald A. Johnston, III,* Chief Assistant Prosecuting Attorney, and *Craig S. Neckers,* Assistant Prosecuting Attorney, for the people.

*Loeks, Buth, Wood & Weidaw,* for defendants.

REFERENCE FOR POINTS IN HEADNOTE
75 Am Jur 2d, Trial §§ 876–882.

Before: J. H. GILLIS, P. J., and N. J. KAUFMAN and E. A. QUINNELL,* JJ.

J. H. GILLIS, P. J. These defendants were tried on two counts; assault with intent to commit murder, MCLA 750.83; MSA 28.278, and armed robbery, MCLA 750.529; MSA 28.797. A jury convicted defendant Erwin of both counts and he was subsequently sentenced to prison terms of 12-1/2 to 25 years and 10 to 20 years, respectively. The same jury convicted defendant Kilgore of armed robbery only. He was sentenced to a prison term of 10 to 20 years. Both defendants appeal as of right.

Defendant Erwin raises the only issue meriting discussion: whether the instructions regarding the jury's consideration of lesser included offenses were so "coercive" and "unduly restrictive" as to constitute reversible error per *People v Ray*, 43 Mich App 45; 204 NW2d 38 (1972), followed by *People v Harmon*, 54 Mich App 393; 221 NW2d 176 (1974).

The critical portion of the instructions in *People v Ray, supra,* is reproduced below:

"*Juror No. 1:* We want to know—Do we have to vote on the first charge, the second charge and the third charge separately, or—

"*The Court:* All right, let me see if I can explain it.

"If you find the defendant not guilty of the first charge, then go to the second charge. You don't have to vote on all of them. If you find him guilty of the first charge, there is no need to go to the other charges.

"You can only find him guilty of one of those charges.

"*Juror No. 1:* That's right. Now, how many votes can we take on the first charge?

"*The Court:* You can take—unlimited.

"*Juror No. 1:* If we insist—if someone insists upon

---

* Circuit judge, sitting on the Court of Appeals by assignment.

taking a vote on the first charge, do we have to keep voting on that charge?

*"The Court: Well you have to either keep voting on the first charge until you either all find him not guilty, or all find him guilty."* (Emphasis in *Ray.*) 43 Mich App at 48.

Similar instructions were given in the instant case. At the commencement of its charge to the jury, the court stated:

"This is a criminal case, as I indicated to you the court can accept a verdict only when all twelve of you agree upon a verdict."

Later in its instructions the court told the jury:

"If you are not convinced of the assault with intent to commit murder, I would ask you to go on and consider assault with intent to commit great bodily harm less than the crime of murder. There again, your verdict may be guilty by one or both of the defendants, or not guilty by one or both of the defendants.

"If you find them not guilty of those first two charges, or one of the defendants not guilty of those first two charges, I would ask you to go on and consider the second included offense which is known as felonious assault; you may find the defendant guilty of one or both of those or not guilty of one or both of those.

\*   \*   \*

"With regard to the assault with intent to commit murder, I would ask you to consider that and go on to the lesser and included offenses only if you find a defendant not guilty of assault with intent to commit murder, and then go on down the list of included offenses.

\*   \*   \*

"Likewise, after you have finished considering that, then I would ask you if you find both defendants not guilty of that charge, then I would ask you to go on and

consider the assault with intent to do great bodily harm less than the crime of murder.

\* \* \*

"If you found them both not guilty on that, you would have to go on to felonious assault.

\* \* \*

"On count I and the included offenses it would be either guilty or not guilty on one of the offenses, and on count II which is the armed robbery, and I have written out here, if defendant Erwin is not guilty, then defendant Kilgore must be found not guilty on each of the individual charges you consider. I think it is self-explanatory. Both attorneys have seen it, so I will give this to you, but there must be a verdict on count I and count II. When I say count I, I want you to consider the included offenses if you find them not guilty on the major offense."    .

There were no objections to the charge.

Many decisions of this Court have not followed the *Ray* case where the trial court gave substantially the same instruction cited in *Ray,* but did not go so far as to explicitly state that all the jurors must find the defendant not guilty of the higher offense before deliberating on the lesser offense. This line of cases characterizes instructions similar to those given in the case at bar as merely indicating a logical order or guide for the jury's deliberations and not a rigid requirement of unanimous agreement at each stage of deliberations. *People v Don Francisco Lopez,* 65 Mich App 653; 237 NW2d 599 (1975), *People v Waldron,* 64 Mich App 648; 236 NW2d 732 (1975), *People v Bankston,* 61 Mich App 275; 232 NW2d 381 (1975), *People v Walker,* 58 Mich App 519; 228 NW2d 443 (1975), *People v Britt,* 57 Mich App 375; 225 NW2d 771 (1975), *People v Szymarek,* 57 Mich App 354; 225 NW2d 765 (1975), *lv den,* 394 Mich 786 (1975), *People v Freeman,* 57 Mich App 90; 225 NW2d 171

(1974), held in abeyance pending the outcome of *People v Hurst, infra,* 394 Mich 907 (1975), *People v Bates,* 55 Mich App 1; 222 NW2d 6 (1974), *People v James,* 51 Mich App 777; 216 NW2d 473 (1974), *lv den,* 394 Mich 756 (1975).

Recently, our Supreme Court, in *People v Hurst,* 396 Mich 1; 238 NW2d 6 (1976), considered an instruction substantially identical to those given in the case at bar:

"If you find either of the defendants not guilty of the charge of manslaughter then you should proceed to determine whether that defendant not guilty of the crime of manslaughter is guilty of the crime of assault and battery." 396 Mich at 10.

Three justices on the Court (KAVANAGH, C. J., WILLIAMS and LEVIN, JJ.) signed the opinion which stated the instruction was, "unrealistic and improper". Moreover, those justices expressed no opinion as to whether the giving of the instruction was reversible error. Absent a more definite ruling by the Supreme Court, we choose to hold the instant instruction does not constitute reversible error. We hasten to add, however, that this type of instruction should be avoided.

Affirmed.