PEOPLE v RONALD L. JOHNSON

Opinion of the Court

1. Criminal Law—Instructions to Jury—Lesser Included Offenses.

It is proper for a trial judge to instruct a jury in a criminal trial to first consider the main offense charged by the prosecutor before proceeding to a consideration of the lesser included offenses where the instruction does not require unanimous agreement on the main offense before permitting consideration of the lesser included offenses.

2. Jury—Jury Deliberations—Structuring.

Some structuring of jury deliberations by a trial judge is both proper and desirable, for example: suggesting that the jury select a foreperson to speak for the jury, fixing times to recess and to convene, instructing the jury not to deliberate except when convened in their jury room for that purpose, and precluding the jury from conducting tests with evidence or using dictionaries and encyclopedias during deliberations.

Dissent by T. M. Burns, J.

3. Criminal Law—Instructions to Jury—Lesser Included Offenses.

*Jury instructions which structure the jury's deliberations and tend to limit the consideration of lesser included offenses are clearly improper and should not be given.*

4. Criminal Law—Instructions to Jury—Lesser Included Offenses.

*Instructions which impose a fixed procedure upon the jury's deliberations whereby the jury is permitted to consider the defendant's guilt of lesser included offenses only if they first find him not guilty of the charged offense are improper instructions.*

References for Points in Headnotes
[1, 3, 4] 75 Am Jur 2d, Trial § 876.
[2] 75 Am Jur 2d, Trial §§ 895–905.

Appeal from Wayne, Thomas J. Foley, J. Submitted November 8, 1976, at Detroit. (Docket No. 24116.) Decided March 28, 1977.

Ronald L. Johnson was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Research, Training and Appeals, and *Charles P. Kellett,* Assistant Prosecuting Attorney, for the people.

*Joseph Deval Welton,* for defendant.

Before: ALLEN, P. J., and T. M. BURNS and BEASLEY, JJ.

BEASLEY, J. In this case, a jury convicted defendant of armed robbery in violation of MCLA 750.529; MSA 28.797. After sentence to a term of not less than 15 nor more than 25 years in prison, defendant appeals as of right claiming that the trial judge's instruction to the jury was coercive and unduly interfered with the jury's method of deliberation.

The record indicates that after the jury was instructed, in their absence, the court inquired of counsel and the following occurred:

"MR. GRANT: (Defense Counsel) Judge, I wish I could quote to you a case, but I can't. But I am questioning, in recent case law in Michigan haven't they found error where the Court directed the jury to go first to the major offense and proceed in succession to each? I think I could probably put my hand on the case if you will give me five minutes.

THE COURT: In the absence of a case, it is the only

logical way to proceed. Unless you give them a logical way to proceed the jury becomes completely confused when you have six possible verdicts. I will note your objection. Anything else?"

Defense counsel's question is typical of the confusion engendered on the trial bench and in the trial bar by the unfortunate line of cases that give rise to this issue. It is suspected that this troublesome and confusing doctrine, that it is error for the trial judge to "suggest" that the jury start by considering the offense charged, began with *People v Lemmons,* 384 Mich 1; 178 NW2d 496 (1970), where a defendant, not wishing to run the risk of being found guilty of a lesser included offense on a compromise verdict, made no request for lesser included offenses.[1] As a result, the court instructed the jury that "There are only two possible verdicts as to each defendant". "You may find the defendant, naming them individually, guilty of robbery armed or not guilty". "There are no included offenses". The Supreme Court reversed, saying that the instruction did more than fail to charge upon the included offenses; that it affirmatively excluded them from the consideration of the jury and that this was error. Eventually, five years later in December of 1975, in *People v Henry,* 395 Mich 367, 372–374; 236 NW2d 489 (1975), the Supreme Court repudiated *Lemmons,* saying, among other things, as follows:

"According to *Lemmons,* if the judge expressly tells the jury that there are no included offenses, appeal may be had even though defendant requests no such instructions and makes no objections to the instructions given. If, on the other hand, the judge does not expressly so state, it is not assignable as error even though the jury

---

[1] *See People v Freeman,* 57 Mich App 90; 225 NW2d 171 (1974).

is not instructed that there are lesser included offenses unless counsel asked for such instructions.

"This 'distinction' has caused great confusion. Many opinions of our appellate courts have attempted to distinguish between 'exclusion by implication' and 'affirmative exclusion' holding only the latter to be error. Convicted defendants who requested no lesser offense instructions at trial often contend on appeal that the judge 'affirmatively excluded' lesser offenses from the jury's consideration. The prosecution counters that the court did not *exclude* these lesser offenses, it merely did not *include* them. (Emphasis in original.)

"As the only member of the unanimous *Lemmons* Court still on this bench, the writer acknowledges the poetic justice which ordains that he write for this Court a repudiation of the doctrine, first articulated in *People v Jones, supra,* but endorsed and followed in *Lemmons,* that 'affirmative exclusion' is erroneous but 'implied exclusion' is not. We are now persuaded that such a distinction serves no good purpose. If a jury is not instructed on lesser included offenses, such offenses are for all practical purposes excluded from the jury's consideration.

"Instructions to a jury are in response to the jury's hypothetical inquiry: 'Now that we have this evidence, what are the legally permissible verdicts we may return?' Nice distinctions between affirmative exclusion and exclusion by implication are of little use when it comes to answering this question. If the jury is not told, we must assume it does not know.

"It is indeed the duty of the trial court to instruct correctly on the law, and it is error for the court not to do so. * * * The rule was stated most forcefully in *People v Murray,* 72 Mich 10, 16; 40 NW 29 (1888):

" 'Without any requests from counsel *it is the duty of the circuit judge to see to it that the case goes to the jury in a clear and intelligent manner, so that they may have a clear and correct understanding of what it is they are to decide, and he should state to them fully the law applicable to the facts.* Especially is this his duty in a criminal case. In this case it was not so done. Too much reliance is often placed upon counsel by the

court in this respect for requests; but this should not be done. The court must do its duty in a criminal case, whether counsel do so or not. It is to the court that the accused has a right to look to see that he has a fair trial.' " (Emphasis supplied.) (Footnotes omitted.)

In contrast with these admonitions to trial judges, is the line of cases, starting with *People v Ray,* 43 Mich App 45; 204 NW2d 38 (1972). In *People v Ray, supra,* at 48, after deliberating for a time, the jury requested guidance from the court on the manner in which they should conduct their deliberation. In *Ray,* defendant was charged with assault with intent to rob being armed and two lesser included offenses. Part of the exchange between the judge and the jury went as follows:

"*Juror No. 1:* We want to know—Do we have to vote on the first charge, the second charge and the third charge separately, or—

"*The Court:* All right, let me see if I can explain it.

"If you find the defendant not guilty of the first charge, then go to the second charge. You don't have to vote on all of them. If you find him guilty of the first charge, there is no need to go to the other charges.

"You can only find him guilty of one of those charges.

"*Juror No. 1:* That's right. Now how many votes can we take on the first charge?

"*The Court:* You can take—unlimited.

"*Juror No. 1:* If we insist—if someone insists upon taking a vote on the first charge, do we have to keep voting on that charge?

"*The Court: Well, you have to either keep voting on the first charge until you either all find him not guilty or all find him guilty.* "(Emphasis in Ray.)

In that context, this Court found that to require a unanimous agreement on defendant's innocence of the greater charge, that is, that with which the

prosecution charged the defendant, before discussion of the lesser charges is permitted, was coercive, unduly restrictive and reversible.

Since the decision in *Ray,* this Court has *refused* requests to apply the *Ray* rule and to reverse, in the following cases: *People v James,* 51 Mich App 777; 216 NW2d 473 (1974), *People v Bates,* 55 Mich App 1, 6; 222 NW2d 6 (1974), *People v Freeman,* 57 Mich App 90; 225 NW2d 171 (1974), *People v Szymarek,* 57 Mich App 354; 225 NW2d 765 (1975), *People v Britt,* 57 Mich App 375; 225 NW2d 771 (1975), *People v Walker,* 58 Mich App 519; 228 NW2d 443 (1975), *People v Robert Hall,* 56 Mich App 10; 223 NW2d 340 (1974), *People v Bankston,* 61 Mich App 275; 232 NW2d 381 (1975), *People v Waldron,* 64 Mich App 648; 236 NW2d 732 (1975), *People v Don Francisco Lopez,* 65 Mich App 653; 237 NW2d 599 (1975), *People v Erwin,* 70 Mich App 60; 245 NW2d 173 (1976).

Essentially, these appeals involved erroneous interpretations of *Ray.* It is *not* error for a trial judge to tell a jury that they "may" first consider the offense charged by the prosecutor and it is not error to refer to a lesser included offense, as a *lesser* included offense. Some suggested "structuring" of jury deliberations by the trial judge is proper and desirable.[2]

---

[2] Examples of desirable "structuring" by the trial judge are suggesting that the jury select a "foreperson" to speak for the jury, fixing times to recess and to convene, instructing the jury *not* to deliberate except when convened in their jury room for that purpose, precluding a jury from conducting tests with evidence, using dictionaries or encyclopedias during deliberations, etc. *See, e.g.,* Proposed Criminal Jury Instructions, Final Draft, Vol I, Ch 2, § 9, p 98. A persuasive argument has been made that trial judges should be given greater latitude when they are giving jury instructions. Wright, *Adequacy of Instructions to the Jury: I,* 53 Mich L Rev 505 (1955), Wright, *Adequacy of Instructions to the Jury: II,* 53 Mich L Rev 813 (1955). *See also,* Wright, *The Invasion of Jury: Temperature of the War,* 27 Temple L Q 137 (1953), Wright, *Instructions to the Jury: Summary Without Comment,* 1954 Wash Univ L Q 177. The heart of Wright's

Only in the controversial decision in *People v Harmon*, 54 Mich App 393; 221 NW2d 176 (1974), was *Ray* successfully invoked to reverse. See, *People v Erwin, supra.*

In the within case, the trial judge defined the included offenses and then stated as follows:

"So, the main offense, charge in this case, Robbery Armed.

We have been through all the law states in the description of the various elements. We have the first included offense, Assault with Intent to Rob Being Armed. That is the mere offer without any carrying out of the offense. Then we have Larceny from a Person for the next, and the next is Assault and Battery, and the last, simple Assault. In your deliberations you commence and make a determination whether the first charge has been proven. If that has been proven, you make your determination that the proofs are beyond a reasonable doubt. Then your deliberations cease at that point. You bring in your verdict. If you found that not to exist, or all the elements not to exist, you pass to the next included offense, and to the next, and so forth, until you have deliberated on all the offenses that I charge you on, or determine that the Defendant in fact is not guilty."

This instruction does *not* require unanimous agreement before permitting consideration of the lesser included offenses. Consequently, in accordance with the cited cases, there is not any reversible error in the instruction to which defendant objects.

Affirmed.

---

presentation is the conclusion that the judges' responsibility must be matched by commensurate authority; if the judges are held accountable for fully instructing the jury, then they should not be limited in ways that render such instruction impossible. 53 Mich L Rev 813, 846-47.

ALLEN, P. J., concurred.

T. M. BURNS, J. *(dissenting).* The trial court's instructions, in pertinent part, were as follows:

"In your deliberations you commence and make a determination whether the first charge has been proven. If that has been proven, you make your determination that the proofs are beyond a reasonable doubt. Then your deliberations cease at that point. You bring in your verdict. If you found that not to exist, or all the elements not to exist, you pass to the next included offense, and to the next, and so forth, until you have deliberated on all the offenses that I charge you on, or determine that the Defendant in fact is not guilty.

\* \* \*

"The number of possible verdicts are as follows: Guilty of Robbery Armed as charged, or guilty of Assault with Intent to Rob Being Armed, or Larceny from the Person, or Assault and Battery, or simple Assault.

"That is the way you will deliberate, commencing at the top working down.

"You have six possible verdicts. You will progress in that fashion. Anytime you make a determination of guilt, then your deliberations cease at that point, and you bring in your verdict; or, if you make a determination of not guilty, you bring that in as the determination of this jury.

"In a criminal case it is necessary that the verdict be unanimous. So that when all the jurors have arrived at a common verdict it will be received as the verdict of this jury."

Instructions of this nature, which structure the jury's deliberations and tend to limit the jurors' consideration of lesser included offenses, are clearly improper and should not be given. *People v Hurst,* 396 Mich 1, 238 NW2d 6 (1976). The most recent decisions of this Court, however, hold that such instructions are reversibly erroneous only

where the jurors are explicitly instructed that they must unanimously find the defendant not guilty of the charged offense before they may deliberate on the lesser included offenses. See *People v Erwin,* 70 Mich App 60; 245 NW2d 173 (1976), and cases cited therein.

I believe this approach is unworkable. A great number of cases have reached the Court on this issue despite repeated admonitions to avoid instructions which structure the jury's deliberative process. The trial courts have avoided reversal by toning down the forcefulness of their instructions while still imposing a fixed procedure governing the jury's deliberations. This Court has aided this process by adopting a sterile "magic language" approach which tends to disregard the effect of improper instructions by simply scanning them for the word "unanimous". The error is thus augmented. I would hold that instructions which impose a fixed procedure upon the jury's deliberations whereby the jury is permitted to consider the defendant's guilt of lesser included offenses only if they first find him not guilty of the charged offense are reversibly erroneous.