PEOPLE v. HELCHER

1. CRIMINAL LAW—UNLAWFULLY DRIVING AWAY AN AUTOMOBILE—
EVIDENCE—SUFFICIENCY.

Evidence that a car of a certain year, make, and model was
stolen, that defendant was seen a few hours later driving a car
of the same make and year, although he had not been known
to own such a car before this time, that defendant told a
friend that the car he was driving was stolen, and that de-
fendant later pointed out a similar car in a parking lot and
said it was stolen shortly before it was recovered by police
and found to be the car in question, *held*, sufficient to permit
the jury to conclude that the car defendant was seen driving
was the same car that was stolen and that defendant was the
person who had stolen it.

2. SAME—EVIDENCE—POSSESSION OF STOLEN PROPERTY.

Possession of recently stolen property permits an inference that
the possessor committed the theft, but the inference grows
weaker as time elapses.

3. SAME—EVIDENCE—SUMMATION TO JURY—FACTS NOT ESTABLISHED
BY EVIDENCE.

Statement by prosecuting attorney during his summation to the
jury of facts not established by evidence *held*, improper, but
not grounds for reversal when defendant had otherwise been
given a fair trial, there was no request by the defense that
the statement be stricken, and there was no reason to believe
that the prosecutor intentionally expanded on the evidence
in the record.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobiles and Highway Traffic § 340.
29 Am Jur 2d, Evidence § 289.
30 Am Jur 2d, Evidence § 1129.
[3] 53 Am Jur, Trial § 480.

Appeal from Genesee, Parker (Donn D.), J. Submitted Division 2 October 4, 1967, at Lansing. (Docket No. 2,110.) Decided November 29, 1968.

Gerald Helcher was convicted of unlawfully driving away an automobile. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler & Paul G. Miller, Jr.,* Assistant Prosecuting Attorneys, for the people.

*Robert I. Leech,* for defendant.

LEVIN, J. The defendant was convicted by a jury of violating the joy riding statute, in that he willfully and without authority took possession of and drove away an automobile.[1]

The errors assigned concern the sufficiency of the evidence and the propriety of a statement made by the prosecutor in his closing argument.

The complaining witness testified that on August 3, 1965, he drove his 1965 Chevrolet Caprice to work, parked and locked it. He discovered his car was missing 4–1/2 hours later.

One John Vock testified that on the same day, August 3, 1965, the defendant was driving a 1965 Chevrolet and that he, Vock, went with the defendant for a ride. On direct examination Vock testified: "I think he said it was a friend's car at first. I'm not saying that for sure though."; on redirect

---

[1] CL 1948, § 750.413 (Stat Ann 1954 Rev § 28.645). Intent to steal is not an ingredient of the offense. *People* v. *Stanley* (1957), 349 Mich 362, 364. Similarly, see *People* v. *Smith* (1921), 213 Mich 351, 353, and *People* v. *Limon* (1966), 4 Mich App 440, 442.

Vock testified that the defendant told him the car was stolen.

Defendant's brother testified the defendant did not own a 1965 Chevrolet and that he, too, had been given a ride by the defendant in a 1965 Chevrolet, although he was not positive of the date.

A police officer testified that the complainant's car was recovered about 1 a.m., August 4, 1965, at the Shopper's Fair parking lot. Later that day the defendant was arrested. The arresting officer testified the defendant denied he had driven the car and told the officer he had overheard some boys say there was a stolen car at the Shopper's Fair and that he, the defendant, had taken another of his brothers to the Shopper's Fair to show him the stolen car.

It is true the car the people's witnesses said was driven by the defendant was not identified by model, color or license plate number. The only identification was of manufacturer and model year. However, in our opinion the jury could, if it believed the people's witnesses, reasonably conclude that the car in which the defendant drove John Vock (who testified the defendant said the car was stolen) and the car which, according to the arresting officer, the defendant said he had pointed out in the Shopper's Fair parking lot to another brother as a stolen car and the stolen car recovered at the Shopper's Fair parking lot (which was complainant's car) were all one and the same car.

The jury could also properly infer from the same evidence that the defendant took the car. The car was parked by the complaining witness at 9:30 a.m., August 3, 1965, and recovered at 1:00 a.m., August 4, 1965, an interval of about 15-1/2 hours. Possession of recently stolen property permits an inference that the possessor committed the theft.

"Possession of stolen property, if immediately subsequent to the larceny, may sometimes be almost conclusive of guilt (see *People* v. *Walker,* 38 Mich 156); but the presumption weakens with the time that has elapsed, and may scarcely arise at all if others besides the accused have had equal access with himself to the place where it is discovered." *Gablick* v. *People* (1879), 40 Mich 292, 293, 294.

In *People* v. *Tutha* (1936), 276 Mich 387, 395, 396, the defendant was convicted of the very same offense of which the defendant here stands convicted. In approving the trial judge's charge the Court observed:

"Possession of stolen property within a short time after it is alleged to have been stolen raises a presumption the party in possession stole it, and this presumption is either weak or strong depending upon the facts. Somebody stole Johnson's automobile. The officers found the automobile in possession of someone. It is claimed by the people defendant had possession of and was driving it. When the officers asked the driver of the automobile to swing in to the curb in order that they might make inquiry, he stepped on the accelerator and ran away and the occupants of the vanishing car exchanged several shots with the police officers. This, to an ordinary individual, would raise some presumption that whoever had possession of the stolen car stole it. We think the charge of the court upon the question of the presumption arising from the possession of stolen property,—the automobile alleged to have been unlawfully driven away,—was warranted by *People* v. *Walters* (1889), 76 Mich 195; *People* v. *May* (1917), 199 Mich 574; *People* v. *Johnson* (1921), 215 Mich 221; *People* v. *Korn* (1921), 217 Mich 170."[2]

---

[2] See, also, *People* v. *MacCullough* (1937), 281 Mich 15, 27; *People* v. *Williams* (1962), 368 Mich 494, 501. As to burglary compare *People* v. *Wood* (1894), 99 Mich 620, 623, with *People* v. *McDonald*

Considerable authority from other jurisdictions supports the rule that permits the trier of fact to infer that one in possession of a stolen automobile stole it.[3]

We recognize that in *People* v. *Tutha, supra,* there was testimony the defendant was driving the very automobile that had been stolen, while here the evidence that the defendant Helcher had been driving the stolen automobile was circumstantial. Thus, here the jury had to draw 2 inferences, firstly, that the defendant Helcher was driving the complainant's stolen automobile and, secondly, that the defendant had taken the automobile. We are persuaded that the jury could reasonably draw both inferences on the evidence presented.

"What is actually meant by the statement found in many cases, that an inference cannot be based upon an inference, is that an inference cannot be based upon evidence which is uncertain or speculative or which raises merely a conjecture or possibility." *Shutt* v. *State* (1954), 233 Ind 169 (117 NE2d 892, 894), quoted approvingly in *People* v. *Eaves* (1966), 4 Mich App 457.[4]

We think the United States Court of Appeals for the First Circuit expressed the sound view of the matter when, in affirming a conviction of bank robbery, it declared:

---

(1910), 163 Mich 552, 555. See, also, *People* v. *McDonald* (1968), 13 Mich App 226.

[3] See *Bray* v. *United States* (1962), 113 App DC 136 (306 F2d 743, 747), stating that possession of recently stolen property permits an inference, not a presumption, that the possessor was the thief. For cases from other jurisdictions in similar situations, see *People* v. *Ford* (1965), 234 Cal App 2d 480 (44 Cal Rptr 556, 565); *Bower* v. *Commonwealth* (Ky, 1962), 357 SW2d 333, 336; *United States* v. *Bennett* (CA 7, 1966), 356 F2d 500. See, generally, 2 Wharton's Criminal Law and Procedure, § 411, p 31 (1957); 1 Wharton's Criminal Evidence, § 135, p 254 (12th ed, 1955).

[4] Accord: 1 Wigmore on Evidence (3rd ed), § 41, p 434 *et seq.* See, also, 29 Am Jur 2d, Evidence, § 166.

"The defendant cautions us against 'piling inference upon inference.' As interpreted by the defendant this means that a conviction could rarely be justified by circumstantial evidence. [Citation omitted.] The rule is not that an inference, no matter how reasonable, is to be rejected if it, in turn, depends upon another reasonable inference; rather the question is merely whether the total evidence, including reasonable inferences, when put together is sufficient to warrant a jury to conclude that defendant is guilty beyond a reasonable doubt. [Citations omitted.] If enough pieces of a jigsaw puzzle fit together the subject may be identified even though some pieces are lacking. Reviewing the evidence in this case as a whole, we think the jury was warranted in finding beyond a reasonable doubt the picture of defendant Dirring." *Dirring* v. *United States* (CA 1, 1964), 328 F2d 512, 515, certiorari denied (1964) 377 US 1003 (84 S Ct 1939, 12 L Ed 2d 1052), rehearing denied (1964) 379 US 874 (85 S Ct 27, 13 L Ed 2d 83).

In *Curry* v. *State* (1964), 235 Md 378 (201 A2d 792), certiorari denied 379 US 1004 (85 S Ct 729, 13 L Ed 2d 705), the defendant was convicted of unauthorized use of an automobile on testimony similar to that presented in the case at bar, in that it was only established that he had been driving a car fitting the description of the stolen car under circumstances which might lead one to conclude he had driven the stolen car; in affirming the conviction the court observed that possession of recently stolen goods allows an inference that the possessor is the thief.[5]

The probative value of the people's evidence, albeit circumstantial, was for the jury to determine. *People* v. *Abernathy* (1931), 253 Mich 583.

---

[5] Similarly, see *State* v. *Fox* (1962), 123 Vt 82 (181 A2d 74).

Defendant's second contention is that during closing argument the prosecutor argued facts not in evidence. The alleged impropriety occurred when the prosecutor stated:

"Now we will go to John Vock. He stated that he did go for a ride in a 1965 Chevrolet *Caprice Sport Coupe* * * * Now, brother Jack Helcher stated that he also went for a ride in a 1965 Chevrolet *Caprice.*" (Emphasis supplied.)

None of the witnesses had identified the car driven by the defendant other than as a 1965 Chevrolet. In describing the Chevrolet the defendant was driving as a Chevrolet *Caprice* the prosecutor was stating a fact that had not been established. A forgetful juror might well have been led by the authority of the prosecutor's office to believe there was testimony supporting the prosecutor's assertion, and, upon application, such statement should have been stricken and the jury appropriately instructed. However, no such application was made.[6] There is no reason to believe the prosecutor intentionally expanded on the record evidence. We do not think the prosecutor's statements so prejudiced what otherwise was a fair trial that we should, in the absence of timely objection, order another trial.

Affirmed.

McGregor, P. J., and Quinn, J., concurred.

---

[6] At the time of defendant's motion for a mistrial, which motion was made *before* the prosecutor referred to the Chevrolet as a Chevrolet *Caprice,* the prosecutor was accurately reviewing the testimony. There was no error in denying that motion.