## PEOPLE *v.* SNAKE

1. CRIMINAL LAW—UNLAWFULLY DRIVING AWAY A MOTOR VEHICLE—
ELEMENTS.

   Elements constituting the offense of unlawfully taking possession of and driving away a motor vehicle are the taking of possession of another's vehicle, willfully and without authority, and driving or taking it away (MCLA § 750.413).

2. CRIMINAL LAW—UNLAWFULLY DRIVING AWAY A MOTOR VEHICLE—
INTENT TO STEAL.

   Intent to steal is not an ingredient of the offense of unlawfully taking possession of and driving away a motor vehicle (MCLA § 750.413).

3. CRIMINAL LAW—UNLAWFULLY DRIVING AWAY A MOTOR VEHICLE—
DEGREE OF PARTICIPATION.

   A defendant need not have physically participated in the unlawful taking possession of another's vehicle but he may be convicted for assisting in driving it away, knowing it had been unlawfully taken (MCLA § 750.413).

4. EVIDENCE—UNLAWFULLY DRIVING AWAY A MOTOR VEHICLE—SUF-
FICIENCY OF EVIDENCE.

   Evidence that an automobile was taken, without consent from its rightful owner, that police officers discovered defendant in possession of it without the key and that defendant gave police officers a false name and an incredible explanation of his possession of the car, was sufficient to support a finding that defendant, willfully and without authority, took or assisted in taking, the car and unlawfully drove it away (MCLA § 750.413).

---

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 8 Am Jur 2d, Automobiles and Highway Traffic § 303 *et seq.*
[5, 7] 29 Am Jur 2d, Evidence § 264 *et seq.*
[6] 30 Am Jur 2d, Evidence § 1170 *et seq.*

5. EVIDENCE—CIRCUMSTANTIAL EVIDENCE—VALUE.
    Circumstantial evidence which satisfies the mind is equal to posi-
    tive evidence because it produces the same effect.

6. EVIDENCE—SUFFICIENCY—QUESTION FOR JURY.
    The question of the sufficiency of evidence is one for the jury
    unless there is no evidence at all on a material point, hence a
    jury's finding on the sufficiency of the evidence will not be
    disturbed where there is evidence to support a verdict of guilty
    beyond a reasonable doubt.

7. EVIDENCE—CIRCUMSTANTIAL EVIDENCE—SUBMISSION TO JURY.
    Even if the evidence is all circumstantial it should be submitted
    to the jury where it tends to show the defendant's guilt.

Appeal from St. Clair, Stanley C. Schler, J. Sub-
mitted Division 2 February 4, 1970, at Lansing.
(Docket No. 7,571.) Decided February 24, 1970.

Woodrow Garnette Snake was convicted of tak-
ing possession of and driving away a motor vehicle.
Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *Walter J. Turton*,
Prosecuting Attorney, and *Donald P. Neumann*, As-
sistant Prosecuting Attorney, for the people.

*David C. Nicholson*, for defendant on appeal.

Before: LESINSKI, C. J., and McGREGOR and V. J.
BRENNAN, JJ.

PER CURIAM. Defendant was convicted by a jury
of taking possession of and driving away a motor
vehicle, contrary to MCLA § 750.413 (Stat Ann 1954
Rev § 28.645).

Testimony at trial shows that on August 3, 1968,
at about 10:30 p.m., defendant was stopped by two
police officers while driving a car which subsequent-

ly was found to be owned by the complaining witness. When questioned by the police, defendant gave a false name and also stated that he did not have the keys to turn off the automobile. In general, defendant's explanation to police officers regarding his possession of the automobile was incredible.

Further testimony indicated that the automobile had been removed from the custody of the complaining witness without his permission about 5:00 p.m., and on the same day, defendant was seen driving the auto in an erratic manner, after leaving a bar.

On appeal, defendant questions the sufficiency of the evidence used to establish his guilt beyond a reasonable doubt.

The statute in question is quoted herein:

"Any person who shall, wilfully and without authority, take possession of and drive or take away, and any person who shall assist in or be a party to such taking possession, driving or taking away of any motor vehicle belonging to another * * * " MCLA § 750.413 (Stat Ann 1954 Rev § 28.645).

The elements of the crime are: (1) possession must be taken, (2) there must be driving or taking away, (3) done wilfully, and (4) without authority. *People* v. *Limon* (1966), 4 Mich App 440, 442. In *People* v. *Stanley* (1957), 349 Mich 362, 364, the Supreme Court of Michigan commented on the above-quoted statute and said:

"The act in question was intended to punish one who wilfully and without authority takes possession of and drives away another's motor vehicle. Intent to steal is not an ingredient of the offense."

and in another case said:

"the defendant need not have physically participated in the unlawful taking possession of the car,

[but defendant is guilty if] * * * he was assisting in driving it away, knowing it to have been unlawfully taken * * * ." *People* v. *Murnane* (1921), 213 Mich 205, 209.

There is testimony that the automobile in question was unlawfully taken from the rightful owner without his consent, and that 5-1/2 hours later the defendant was found driving and in possession of the car without keys. The jury could logically have reasoned or inferred from this and other facts and testimony in the record that defendant had wilfully and without authority either taken possession of the vehicle, or had assisted in so doing, and had unlawfully taken or driven it away.

"If circumstantial evidence satisfies the mind, then it is equal to positive evidence, because it produces the same effect. *People* v. *Vanderpool*, 1 Mich N. P. 264." *People* v. *Gerndt* (1928), 244 Mich 622, 632.

"Defendant is not entitled to a redetermination of the facts in this Court; they were settled by the jury and we will not go into their determination so long as there was sufficient evidence presented from which the jury might have found the defendant guilty beyond a reasonable doubt." *People* v. *Dye* (1959), 356 Mich 271, 276.

In *People* v. *Tutha* (1936), 276 Mich 387, the owner parked his car at 7:30 p.m., returning at 11:30 p.m., and found it gone. Almost two weeks later, police officers observed the defendant in the vehicle, and after a high-speed chase from which defendant escaped, arrested him later that day. The Supreme Court of Michigan affirmed his conviction of unlawfully driving away an automobile, although there was no direct evidence, but only circumstantial evidence, to indicate that the defendant took the vehicle. Similarly, the cases of *People* v. *Limon,*

*supra,* and *People* v. *Helcher* (1968), 14 Mich App 386, are pertinent to this issue.

"The question of the sufficiency of the evidence is one for the jury unless there is no evidence at all upon a material point  *  *  *  . Even where evidence is all circumstantial, if it is such as tends to show the guilt of the defendant, it should be submitted to a jury." *People* v. *Abernathy* (1931), 253 Mich 583, 587, 588.

Affirmed.