PEOPLE v SCOTT

1. CRIMINAL LAW—PROSECUTOR'S ARGUMENT—OBJECTIONS—INSTRUC-
   TIONS TO JURY—PREJUDICE—PRESERVING QUESTION.
   Failure to object to allegedly improper remarks made by the
   prosecutor during closing argument generally precludes appel-
   late review unless it can be said that an objection and the
   appropriate curative instruction could not have eliminated the
   prejudice arising from the prosecutor's statement.

2. CRIMINAL LAW—ARGUMENTS OF PROSECUTOR—EVIDENCE.
   A prosecutor's remarks during closing argument must be read in
   the context in which they are made, including his closing
   argument as a whole and the evidence admitted at trial.

3. CRIMINAL LAW—REMARKS OF PROSECUTOR—FAIR TRIAL—ARGU-
   MENTS—EVIDENCE.
   The prejudicial remarks of the prosecutor, if any, were not such
   as to deny the defendant a fair trial where some of the claimed
   prejudicial remarks amounted to no more than an unfortunate
   choice of words, other remarks were counterbalanced by the
   cautionary statements of the trial court and the prosecutor not
   to consider the arguments of attorneys as evidence, and there
   was strong direct and circumstantial evidence against the
   defendant.

4. DISTRICT AND PROSECUTING ATTORNEYS—ARGUMENTS—CRIMINAL
   LAW.
   A prosecutor should take pains to avoid even the appearance of
   improper argument.

5. CRIMINAL LAW—ASSOCIATION—IDENTITY—PROOFS.
   Association with another person may have sufficient probative

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 545.
[2] 75 Am Jur 2d, Trial § 211.
[3, 4] 75 Am Jur 2d, Trial § 218 et seq.
[5] 21 Am Jur 2d, Criminal Law § 5.
[6] 67 Am Jur 2d, Robbery § 8.
[7] 67 Am Jur 2d, Robbery §§ 68, 69, 73.

value to allow its admission to prove identity at a criminal trial and association is especially probative where it is "interconnected" with other proofs.

6. ROBBERY—ASSOCIATION—IDENTITY—PROOFS—INFERENCES.

Evidence of a defendant's association with another man identified as one of the robbers introduced over an objection on the grounds of relevancy was properly admissible where evidence of the defendant's association with the other man was interconnected with other proofs, admission of evidence that the other man was identified as one of the robbers was highly relevant, and the fact of association with an identified robber combined with other circumstantial proofs made the inference more than reasonable that defendant was also one of the robbers.

7. ROBBERY—ARMED ROBBERY—INSTRUCTIONS TO JURY—INTENT.

An instruction to the jury on the intent element of armed robbery was not erroneous where the instructions, reviewed as a whole, were sufficient, not inconsistent with substantial justice, and the weight of the evidence against the defendant was sufficient to offset an incomplete, though not misleading, definition of the intent element of the crime (MCLA 750.529).

Appeal from Van Buren, David Anderson, Jr., J. Submitted October 16, 1975, at Grand Rapids. (Docket No. 22829.) Decided November 14, 1975.

Henry L. Scott was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Frank D. Willis,* Prosecuting Attorney, *Prosecuting Attorneys Appellate Service* (by *Edward R. Wilson,* Director, and *Thomas C. Nelson,* Special Assistant Attorney General), for the people.

*Terence R. Flanagan,* Assistant State Appellate Defender, for defendant.

Before: ALLEN, P. J., and DANHOF and M. F. CAVANAGH, JJ.

PER CURIAM. On April 18, 1974, Henry Lee Scott was found guilty by a jury of armed robbery. MCLA 750.529; MSA 28.797. He was sentenced to a term of a minimum of 10 years to a maximum of 20 years in prison on June 17, 1974.

The first issue raised on appeal is whether certain comments by the prosecutor in his closing argument amounted to reversible error by denying the defendant a fair trial.

The defendant did not object at the trial to the comments made by the prosecutor in his closing argument.

*People v McLendon,* 51 Mich App 543, 547; 215 NW2d 742 (1974), states the applicable standard of review:

"The general rule in Michigan is that a defendant's failure to object to allegedly improper remarks made by the prosecutor during closing argument precludes appellate review unless it can be said that an objection and the appropriate curative instruction could not have eliminated the prejudice arising from the prosecutor's statements. *People v Tarpley,* 41 Mich App 227; 199 NW2d 839 (1972), *People v Humphreys,* 24 Mich App 411; 180 NW2d 328 (1970)."

Further, a prosecutor's remarks must be read in the context in which they are made, including his closing argument as a whole and the evidence admitted at trial. *People v Cowell,* 44 Mich App 623, 627; 205 NW2d 600 (1973).

If there was any prejudice to the defendant left uncorrected, it is apparent from the record that a timely objection and an appropriate instruction could have cured it. However, a review of the record indicates that the prejudicial remarks of the prosecutor, if any, were not such as to deny the defendant a fair trial. When read in context,

some of the claimed prejudicial remarks amounted to no more than an unfortunate choice of words. Other remarks were counterbalanced by the cautionary statements of the trial court and the prosecutor not to consider the arguments of attorneys as evidence. Finally, there was strong direct and circumstantial evidence against the defendant. Under these facts and the applicable standard set forth above, no reversible error occurred in the instant case.[1]

The next issue raised is whether it was reversible error to introduce evidence of the defendant's association with another man identified as one of the robbers.

The defendant did object to admission of such evidence at trial on the grounds of relevancy but the evidence was admitted over objection.

Absent a countervailing policy, association may have sufficient probative value to allow its admission to prove identity. *People v Bailey,* 36 Mich App 272, 277–278; 193 NW2d 405 (1971). Association is especially probative where it is "interconnected" with other proofs. See dissent by LEVIN, J., *supra,* at 285.

In the present case, evidence of the defendant's association with another man is interconnected with other proofs. The police picked up the defendant a short time after the robbery in a car driven by the other man. There was evidence that a description of that car and its license number had been given to the police by one of the eyewitnesses to the robbery before the defendant was picked up. Coats identified as those worn by the robbers, which were found in the car with the defendant

---

[1] In the future, the suggestion of the Supreme Court should be followed "that the prosecutor take pains to avoid even the appearance of improper argument". *People v Bennett,* 393 Mich 445, 451; 224 NW2d 840 (1975).

and the other man, were also admitted into evidence. Testimony showing travel time from the site of the robbery to where the defendant was arrested further linked the defendant and the other man to the crime. In this framework, admission of evidence that the other man was identified as one of the robbers was highly relevant. The fact of association with an identified robber combined with the other circumstantial proofs made the inference more than reasonable that the defendant was also one of the robbers and not a mere friend who had a coincidental meeting with the other man. No reversible error occurred with admission of such evidence.

The third issue raised on appeal is whether the trial court committed reversible error by improperly instructing the jury on the intent element of armed robbery.

No objection was made to the trial court's instructions.

While this alleged error is not properly before the Court, the instructions of the trial court, reviewed as a whole, were sufficient and "not inconsistent with substantial justice". *People v Fry*, 55 Mich App 18, 26; 222 NW2d 14 (1974). The weight of the evidence against the defendant was sufficient to offset an incomplete, though not misleading, definition of the intent element of the crime.

Affirmed.