PEOPLE v BARKER

Docket No. 46054. Submitted June 10, 1980, at Lansing.—Decided November 20, 1980.

Robert E. Barker, Jr., was convicted of breaking and entering with intent to commit larceny, Saginaw Circuit Court, Gary R. McDonald, J. He appeals, alleging that the trial court erred in permitting the jury to view a videotape of him selling stolen property to undercover agents and that the trial court's instruction to the jury was coercive. *Held:*

1. The videotape allowed the jury to draw inferences of defendant's guilt. It did not constitute unfair prejudice to the defendant nor did it confuse the issues nor mislead the jury.

2. Testimony by police informants was essentially necessary to lay a preliminary foundation for offering the videotape evidence and did not render the videotape evidence so cumulative and repetitious as to defeat its admissibility.

3. The videotape was additionally admissible as substantive evidence of a lesser-included offense.

4. The videotape contained brief references by defendant to previous sales of stolen property to the undercover agents, but any unfair prejudice occasioned by their inclusion in the tape did not substantially outweigh the probative value, and its admission was not clearly erroneous.

5. The court's instruction to the jury did not require acquittal on the primary charge before consideration of lesser-included charges and did not constitute reversible error.

Affirmed.

References for Points in Headnotes

[1, 3] 29 Am Jur 2d, Evidence § 801.5.
Admissibility of videotape film in evidence in criminal trial. 60 ALR3d 333.
[2, 3] 29 Am Jur 2d, Evidence § 256.
[4] 29 Am Jur 2d, Evidence §§ 260, 801.5.
Admissibility of videotape film in evidence in criminal trial. 60 ALR3d 333.
[5, 6] 5 Am Jur 2d, Appeal and Error § 810 *et seq.*
58 Am Jur 2d, New Trial § 125 *et seq.*
75 Am Jur 2d, Trial § 623 *et seq.*

T. M. BURNS, P.J., dissented. He would hold that the jury was instructed that, if they acquitted the defendant of breaking and entering, then they were to consider the lesser-included offense and that this constituted error. He would reverse and remand for a new trial.

OPINION OF THE COURT

1. CRIMINAL LAW — VIDEOTAPE EVIDENCE — ADMISSIBILITY OF EVI-
   DENCE — RULES OF EVIDENCE.

   Videotape evidence which shows a defendant selling property stolen during a breaking and entering a short time subsequent to the breaking is admissible as relevant and material and does not constitute unfair prejudice to a defendant (MRE 403).

2. CRIMINAL LAW — VIDEOTAPE EVIDENCE — TESTIMONY OF INFOR-
   MANTS — CUMULATIVE TESTIMONY — FOUNDATION TESTIMONY.

   The offering by a prosecutor of both videotape evidence of a defendant's participation in criminal activity and testimony of police informants as to the same matter as that appearing on the videotape could be construed to be cumulative and repetitious, but, where testimony elicited from informants is essentially necessary foundation testimony preliminary to offering videotape evidence, it is not so unfairly cumulative as to defeat the admissibility of the videotape.

3. CRIMINAL LAW — VIDEOTAPE EVIDENCE — CUMULATIVE EVIDENCE
   — LESSER-INCLUDED OFFENSES.

   Videotape evidence showing a defendant in possession of stolen property is not inadmissible as cumulative, even though the defendant has admitted such possession, where it constitutes substantive evidence of a lesser-included offense which a prosecutor is entitled to offer.

4. CRIMINAL LAW — VIDEOTAPE EVIDENCE — EVIDENCE OF PREVIOUS
   CRIMES — ADMISSIBILITY OF EVIDENCE.

   Videotape evidence which shows a defendant engaging in the criminal activity for which he is charged should be admitted as relevant and material; videotape evidence showing a defendant admitting previous crimes should be viewed as irrelevant and inadmissible, but such admission is not clearly erroneous where the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice to the defendant.

5. CRIMINAL LAW — JURY INSTRUCTIONS — ORDER OF CONSIDERATION
   OF OFFENSES — ERROR.

   An instruction to a jury which requires acquittal on one charge

before the jury may consider a lesser-included offense constitutes error.

DISSENT BY T. M. BURNS, P.J.

6. CRIMINAL LAW — JURY INSTRUCTIONS — ACQUITTAL — LESSER-
    INCLUDED OFFENSES — ERROR.
    *Jury instructions which require a jury to unanimously acquit a
    defendant on a principal charge before considering lesser-in-
    cluded charges are coercive and constitute reversible error.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Linda Berns Wright,* Appellate Prosecuting Attorney, for the people.

*Janet M. Tooley,* Assistant State Appellate Defender, for defendant on appeal.

Before: T. M. BURNS, P.J., and BEASLEY and G. R. DENEWETH,* JJ.

BEASLEY, J. Defendant, Robert Earl Barker, Jr., was convicted by a jury of breaking and entering with intent to commit larceny in violation of MCL 750.110; MSA 28.305. After being sentenced to not less than 10 years nor more than 15 years in prison, he appeals as of right.

Defendant claims that it was prejudicial error to permit the jury to see a videotape of defendant selling the stolen property to an undercover storefront operation conducted by Federal agents of the Treasury Department's Bureau of Alcohol, Tobacco and Firearms. At the time, the Federal agents were conducting a "sting" operation in Saginaw, a "sting" operation meaning an operation where undercover police pose as fences to buy stolen property.

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant argues that a videotape is analogous to photographs which are admissible as evidence when material and relevant. Defendant claims that, while the introduction into evidence of a videotape may meet these tests of admissibility, it is prejudicial because it may also contain evidence that defendant committed other crimes with which he is not charged here. Defendant claims this possible prejudicial effect of the introduction of videotape evidence outweighs its probative value and, thus, renders it inadmissible under MRE 403. Defendant says that the prosecution should have been limited to testimony by the undercover officers regarding this offense and that the videotape should have been suppressed.

Defendant also sets up a straw man in the form of the similar acts statute[1] and then knocks it down because he says the similar acts statute is inapplicable here. While we credit defendant with making ingenious arguments, we disagree for the following reasons.

This is not a case where the admissibility of the videotape of defendant depends on the similar acts statute. On the evening of April 6, 1978, personal property was taken in the breaking and entering of a private home. The videotape shows defendant selling the stolen property to the Federal agents during the morning of April 7, 1978. While defendant denied committing the breaking and entering and claimed to have innocently acquired the stolen property from two acquaintances, possession of the stolen property such a short time after the breaking and entering was admissible evidence from which the jury could draw inferences pointing to defendant's guilt if they were so persuaded.[2]

---

[1] MCL 768.27; MSA 28.1050.

[2] *People v Fry,* 17 Mich App 229, 231; 169 NW2d 168 (1969), *People v Helcher,* 14 Mich App 386; 165 NW2d 669 (1968).

The issue is one of admissibility of evidence. The evidence of possession of the stolen property a few hours after the breaking and entering was relevant and material in this case. It was only prejudicial in the sense that any direct evidence linking a defendant to a crime is prejudicial. MRE 403 refers only to "the danger of unfair prejudice".[3] A videotape of defendant selling stolen property to a police informer acting as a fence within, at the most, 14 hours after the theft is not unfair prejudice to a defendant. Neither does it confuse the issues nor mislead the jury.

The videotape evidence was offered as part of the prosecutor's case in chief. The option was with the prosecutor whether to offer the videotape itself or testimony of the police officer as to what defendant said. We would agree that, for the prosecutor to offer both the videotape and the testimony of the police informant as to the same matter appearing on the videotape, would be open to an objection that it was cumulative and repetitious. However, the testimony elicited by the prosecutor from the police informants was essentially necessary foundation testimony preliminary to offering the videotape into evidence.

We hold that the testimony taken by the prosecutor from the police informants did not serve to make the videotape so unfairly cumulative as to defeat its admissibility.

Often, it is possible to omit or edit parts of a videotape so that any inadmissible portions are not shown to a jury. This record indicates that

[3] MRE 403 states:
"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

neither the prosecution nor the defense made any such effort. Our viewing of the videotape would seem to indicate that it was not practically possible to sort out defendant's testimony that he had been to the sting operation to sell property before so as to keep it from the jury. In this case, defendant also claims the videotape shows that he committed another crime, receipt and concealment of stolen property. But this offense of receipt of stolen property need not be kept from the jury because, as a matter of fact, on request of defendant, the trial court instructed the jury regarding the lesser included offense of receipt or concealing of stolen property over $100. Thus, videotape evidence that defendant was in possession of stolen property was relevant and admissible with respect to the lesser-included offense of receipt or concealment of stolen property with knowledge that it was stolen.

On appeal, defendant appears to argue that he has admitted possession of stolen property and that, therefore, the videotape showing him in possession of the stolen property would be cumulative and inadmissible.

The claim is without merit; any such admission, if made, is made long after the time when it would have had any significance relative to admission into evidence of the videotape. Thus, an additional basis for admissibility is that the prosecution was entitled to offer evidence that defendant was in possession of stolen property also as substantive evidence of that lesser-included offense.

The claim that the videotape was an attack on defendant's character is specious. Rather, it was evidence from which a strong inference could arise that defendant committed the breaking and entering.

In ruling to admit the videotape, the trial judge said that the statement of defendant regarding the stolen property was unsolicited. This is true, but as defendant indicates, not controlling. It was only relevant to the extent that its unsolicited quality negatived the possible claim that it was inadmissible under *Miranda*,[4] or under the Sixth Amendment.[5]

Thus, we hold that, insofar as the videotape showed defendant in possession of and selling to a police informant recently stolen property from the victim, it was relevant, material, and admissible evidence. But, insofar as the videotape showed defendant admitting previous visits and previous sales of stolen property to the sting, it was neither relevant nor admissible.

Review of the videotape reveals two fleeting references on the audio portion to previous visits by defendant to the sting operation. Under these circumstances, we decline to find the probative value substantially outweighed by the danger of unfair prejudice or by the other factors specified in MRE 403. We find that the trial court was not clearly erroneous in admitting the videotape into evidence.

Defendant next argues that the trial court's instruction to the jury was unduly coercive. Defendant interprets the instruction as requiring the jury to unanimously find, beyond a reasonable doubt, that defendant was not guilty of the offense he was charged with committing (breaking and entering with intent to commit larceny) before considering the lesser-included offense of receiving and concealing stolen property. Defendant says:

[4] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

[5] US Const, Am VI.

"The jury should have been free to vote first on receiving and concealing, and to be satisfied that conviction on that charge alone was just and sufficient."

We find this argument to be without merit. First, defendant made no objection in the trial court, expressly telling the court he had no objection to the instructions. Second, the trial judge's instruction, when read in its entirety, is not susceptible to quite the interpretation defendant places upon it. He defined breaking and entering an occupied dwelling with intent to commit larceny. He did *not* tell the jury they must consider that charged offense first. He defined the lesser-included offense of receiving or concealing stolen property and described it as a separate charge. Then he said:

"To establish this charge, the prosecution must prove each of the following elements beyond a reasonable doubt. Now, this is a separate charge. If you find that all of the elements that I read of breaking and entering, including the specific intent instruction, did not exist beyond a reasonable doubt, then you would move to receiving and concealing stolen property to see if these elements exist beyond a reasonable doubt."

We do not find that this instruction requires the jury to consider the charged offense *first* or specifies a required order of consideration of possible verdicts. If the jury wished to first consider and decide that their verdict was not guilty, nothing in this charge prevented it. Neither is the jury prohibited from *first* considering the lesser-included offense of receiving or concealing stolen property if that was their wish.

We distinguish this instruction from that in

*People v Mays.*[6] There is only reversible error where an instruction requires acquittal on one charge before consideration may be had of another. We decline to so find here.

Defendant's other claims of error on appeal are equally without merit.

Affirmed.


G. R. DENEWETH, J., concurred.


T. M. BURNS, P.J. *(dissenting).* Respectfully, I dissent.

Jury instructions that require a jury to unanimously acquit a defendant on the principle charge before considering lesser-included charges are coercive and constitute reversible error. See, *People v Erwin,* 70 Mich App 60; 245 NW2d 173 (1976), and cases cited therein. In *People v Mays,* 407 Mich 619, 623; 288 NW2d 207 (1980), the Supreme Court held that such a jury instruction "will not be deemed erroneous unless the instruction or manner of giving it conveys the impression that there must be acquittal on one charge before consideration of another". In that case, the Supreme Court found reversible error in a jury instruction to the effect that, "The first lesser included offense which you may consider, *if you find the defendant not guilty of first-degree sexual conduct,* you may consider whether the prosecutor has proven beyond a reasonable doubt the elements of * * * [the lesser included offense]". 407 Mich 619, 621.

Unlike the majority, I am unable to distinguish the erroneous *Mays* instruction from the present one. In the instant case, the jury was instructed that, *"If you find that all of the elements that I read of breaking and entering,* including the spe-

6 407 Mich 619, 621; 288 NW2d 207 (1980).

cific intent instruction, *did not exist beyond a reasonable doubt, then you would move to receiving and concealing stolen property* to see if these elements exist beyond a reasonable doubt." (Emphasis added.) In other words, the jury was instructed that, if they acquitted defendant of breaking and entering, then they were to consider the lesser-included offense. This was error. Defendant is entitled to a new trial.