PEOPLE v EVANS

Docket No. 52424. Submitted February 3, 1982, at Detroit.—Decided
      March 22, 1982. Leave to appeal denied, 414 Mich —.
      Robert L. Evans was charged with armed robbery and convicted
      of unarmed robbery, Recorder's Court of Detroit, Clarence
      Laster, Jr., J. Defendant appeals, alleging that the trial court
      erred in instructing the jury regarding the order of considera-
      tion of lesser offenses, that certain evidence which tended to
      inculpate an accomplice was erroneously admitted, that preju-
      dice resulted from the prosecutor's arguments to the jury, and
      that resentencing is required because the sentencing judge
      erroneously considered two allegedly invalid prior convictions.
      *Held:*

      1. The instructions to the jury did not require the jury to
      acquit the defendant of a greater offense before considering a
      lesser offense. Also, the jury was instructed that it could
      consider the charges in any order. No manifest injustice is
      present. The instructions were not objected to at trial.

      2. The evidence and testimony regarding the alleged accom-
      plice was relevant to the identification of the defendant and
      was properly admitted.

      3. The prosecutor's statements were not such as would de-
      prive the defendant of a fair trial.

      4. The defendant has failed to provide the requisite evidence
      regarding his prior convictions to invoke a hearing to deter-

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial §§ 876, 880, 882.

[2] 5 Am Jur 2d, Appeal and Error §§ 623, 891.

[3] 29 Am Jur 2d, Evidence §§ 367, 371.
    Admissibility of evidence as to extrajudicial or pretrial identifica-
      tion of accused. 71 ALR2d 449.

[4] 75 Am Jur 2d, Trial §§ 251, 258, 259.

[5] 5 Am Jur 2d, Appeal and Error §§ 624-627.
    75 Am Jur 2d, Trial § 315.

[6] 4 Am Jur 2d, Appeal and Error § 411.
    21 Am Jur 2d, Criminal Law § 592.
    39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 26,
      30.

mine the validity of those convictions. In the absence of such evidence, a remand to allow the defendant to move to vacate his sentence is inappropriate.

Affirmed.

1. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES.

A jury instruction which requires that the jury acquit a defendant on the principal charge before it may consider lesser included offenses is erroneous and requires reversal of the defendant's conviction; no error occurs, however, where the trial court requires consideration of the lesser offenses only if the jury does not find beyond a reasonable doubt that the defendant is guilty of the greater offense charged and where the trial court indicates that the jury may consider the charges in any order it chooses.

2. CRIMINAL LAW — JURY INSTRUCTIONS — FAILURE TO OBJECT.

Failure to make a timely objection at trial to a jury instruction precludes appellate review of the instruction absent manifest injustice.

3. CRIMINAL LAW — EVIDENCE — RELEVANT EVIDENCE.

Evidence and testimony, offered for purposes of the identification of the defendant, which tended to inculpate an alleged accomplice who was not on trial was relevant where the complainant had given descriptions of the defendant and the accomplice to the police; such evidence was properly admitted at trial.

4. CRIMINAL LAW — ARGUMENT OF COUNSEL.

An attorney may not refer to or argue facts not on the record.

5. CRIMINAL LAW — PROSECUTOR'S ARGUMENTS — FAILURE TO OBJECT.

Failure of a defendant to object at trial to a prosecutor's arguments precludes reversal of the defendant's conviction on the basis of their alleged impropriety absent a miscarriage of justice.

6. CRIMINAL LAW — SENTENCING — PRIOR CONVICTIONS — INVALID CONVICTIONS.

A defendant who seeks to show that a prior conviction was constitutionally invalid and therefore an improper subject for consideration by a sentencing judge must present (1) prima facie proof that the previous conviction was constitutionally defective, such as a docket entry showing the absence of counsel or a transcript evidencing the same, or (2) evidence that he has requested such records and has not received them.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Richard B. Ginsberg,* Assistant State Appellate Defender, for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and V. J. BRENNAN and CYNAR, JJ.

PER CURIAM. Defendant was convicted by a jury of unarmed robbery, MCL 750.530; MSA 28.798. On July 9, 1979, he was sentenced to a term of 7 to 15 years in prison. Defendant appeals as of right.

Defendant first argues that the trial court's instruction regarding the circumstances under which the jury could consider the lesser included offenses constituted reversible error. The instruction at issue provided that:

"*The Court:* * * *
"I am going to give you the verdicts in logical order. That is, I will give you the possible verdicts concerning armed robbery, unarmed robbery and larceny from a person guilty or not guilty but you don't have to consider them in that order when you go into the jury room to deliberate, you can pick out either one of them and start talking about it first, do you understand that? The possible verdicts are as follows if you find from the evidence that the people have proven to you beyond a reasonable doubt that the defendant in this case committed the offense of armed robbery your verdict should be we find the defendant guilty of armed robbery or guilty as charged. *If on the other hand you find that the people failed to prove to you beyond a reasonable doubt that the defendant committed the crime of armed robbery, you should consider whether or not the people*

*have proven to you that the defendant committed the crime of robbery unarmed.* If you find that the people have proven to you beyond a reasonable doubt that the defendant committed the offense of robbery unarmed your verdict should be we find the defendant guilty of robbery unarmed. *If, however, you are of the opinion that the prosecution failed to prove to you beyond a reasonable* [sic] *that the defendant committed the crime of robbery unarmed then you may consider larceny from a person.* " (Emphasis added.)

In *People v West,* 408 Mich 332, 341-342; 291 NW2d 48 (1980), the Supreme Court considered the following instruction:

"Now, as I have indicated, Mr. Charles West comes into this court charged with the offense of felony murder, first degree. And I have indicated to you that by law there are certain what we call lesser included offenses contained within the more serious charge; namely, second-degree murder, manslaughter, careless use of firearms. And so I instruct you as follows: When you go into the jury room your attention should be initially directed to the question of whether Mr. West is innocent or guilty of the charge made against him. If you decide that he is guilty of the charge made against him in keeping with my instructions and the facts and evidence as you find it to be, then of course you would return a verdict of guilty as charged. *If on the other hand you find that he is not guilty of felony murder* or first-degree murder on the date and at the time alleged and at the place alleged, *you would then turn your attention to the lesser included offenses.* " (Emphasis in the original.)

The *West* Court, relying on *People v Hurst,* 396 Mich 1; 238 NW2d 6 (1976), and *People v Mays,* 407 Mich 619; 288 NW2d 207 (1980), held that the instruction was reversibly erroneous. The Court reasoned that:

"There is an important difference between permitting a jury to consider lesser included offenses only if it fails to find guilt of the principal offense, and permitting it to do so only if it first acquits on the principal charge. In three times telling the jury in effect 'if you find Mr. West not guilty of [the greater offense], then you should consider [the lesser offense]', the trial court erred reversibly." 408 Mich 332, 342.

This Court recently considered the issue in *People v Barker,* 101 Mich App 599, 606; 300 NW2d 648 (1980). In *Barker,* the trial court instructed the jury as follows:

"To establish this charge, the prosecution must prove each of the following elements beyond a reasonable doubt. Now, this is a separate charge. If you find that all of the elements that I read of breaking and entering, including the specific intent instruction, did not exist beyond a reasonable doubt, then you would move to receiving and concealing stolen property to see if these elements exist beyond a reasonable doubt."

The defendant argued that the trial court's instruction to the jury was unduly coercive. The Court held:

"We do not find that this instruction requires the jury to consider the charged offense *first* or specifies a required order of consideration of possible verdicts. If the jury wished to first consider and decide that their verdict was not guilty, nothing in this charge prevented it. Neither is the jury prohibited from *first* considering the lesser-included offense of receiving or concealing stolen property if that was their wish.

"We distinguish this instruction from that in *People v Mays* [407 Mich 619, 621; 288 NW2d 207 (1980)]. There is only reversible error where an instruction requires acquittal on one charge before consideration may be had of another. We decline to so find here." 101 Mich App 606-607.

The jury instruction in the instant case is similar to that given in *Barker.* The instruction did not require acquittal on the more serious charge. Rather, it required consideration of the lesser included offenses if the jury did not find beyond a reasonable doubt that defendant was guilty of the greater offense charged. The fact that the defendant was convicted of a lesser offense, unarmed robbery, indicates that the instruction did not improperly interfere with the jurors' consideration of the lesser offenses. Further, before giving the allegedly erroneous instruction, the trial court informed the jury that they could consider the charges in any order. Finally, it must be noted that defense counsel failed to object to the allegedly erroneous instruction. In the absence of manifest injustice, a failure to make timely objection to a jury instruction precludes review. *People v Handley,* 101 Mich App 130; 300 NW2d 502 (1980).

Second, defendant argues that the admission of physical evidence and identification testimony, which tended to inculpate an alleged co-actor who was not on trial, constituted reversible error. Supporting his argument, the defendant cites *People v Brocato,* 17 Mich App 277; 169 NW2d 483 (1969), and *People v Eldridge,* 17 Mich App 306; 169 NW2d 497 (1969), *lv den* 383 Mich 775 (1970).

The error found in *Brocato* and *Eldridge* arose from the prejudicial effect of the jury's being made aware of the guilty pleas of persons alleged to have been associated with the accused in the offense charged. In the case at bar, defendant argues that the evidence and testimony regarding the complainant's identification of the alleged co-actor created the same prejudicial effect. We do not agree.

More on point is *People v Bailey,* 36 Mich App

272; 193 NW2d 405 (1971), where the court held that a police officer's testimony that defendant had frequently associated with another man was admissible in defendant's trial for robbery where the complainant, who had given a not-so-positive identification of the defendant as one of the five bandits who had robbed her, had positively identified the other man as one of the bandits. The *Bailey* Court reasoned that the association of the defendant and the other man before the crime, when considered with the positive identification of the other man, would tend to support the identification of the defendant.

Similarly, in *People v Scott,* 65 Mich App 657; 237 NW2d 602 (1975), the Court held that it was not error to allow testimony of the defendant's association with another man identified as a participant in the crime charged. The Court noted that "[a]ssociation is especially probative where it is 'interconnected' with other proofs". 65 Mich App 657, 660.

Defendant attempts to distinguish *Scott* by arguing that the evidence regarding the complainant's identification of the alleged co-actor as well as the physical evidence obtained from him was not interconnected with the evidence against the defendant and was, therefore, not relevant to the issue of his guilt. However, the record indicates that the complainant gave descriptions of the alleged co-actor and defendant and their clothing to the police. In this framework, evidence indicating that the complainant correctly identified the alleged co-actor as one of the two men who robbed him was relevant and properly admitted. Consequently, we find no error.

Third, defendant argues that the prosecutor's assertion in his closing argument of a fact not

supported by the record constituted reversible error.

It is a well recognized rule of law that the jury's deliberations are confined to the evidence presented. An attorney may not argue or refer to facts not of the record. *People v Knolton,* 86 Mich App 424; 272 NW2d 669 (1978), *lv den* 406 Mich 885 (1979); *People v McCain,* 84 Mich App 210; 269 NW2d 528, *lv den* 404 Mich 813 (1978); *People v McGee,* 66 Mich App 164; 238 NW2d 564 (1975). However, in *People v McGee, supra,* this Court noted:

"The line between fair argumentation based on reasonable inference and unfair characterization amounting to perversion of facts is not an easy one to draw. Taken literally, the prosecutor clearly misstated what Burgess had said. A careful reading of the record, however, convinces us that this statement of the prosecutor was intended as hyperbole, and was so understood by the jury. * * * We do not agree that the prosecutor's statements amounted to 'unfair perversion of facts'." 66 Mich App 164, 169.

Similarly, in the instant case, the prosecutor's statements did not amount to such "an unfair perversion of facts" as to deprive defendant of a fair trial. Even assuming *arguendo* that the prosecutor's statement was error, defendant failed to object. Accordingly, this Court will not reverse absent a miscarriage of justice. *People v Auer,* 393 Mich 667; 227 NW2d 528 (1975); *People v Giombetti,* 97 Mich App 399; 296 NW2d 41 (1980). Had defendant made a timely objection, any prejudicial effect could have been eliminated by a curative instruction. *People v McGee, supra.*

Finally, defendant argues that a remand is required to allow him to present a motion to vacate

sentence. Defendant alleges that he was not represented by counsel in two previous cases in which he was convicted. The defendant argues that, as these past convictions were considered by the judge at sentencing, resentencing is required under *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972), and *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974).

If in fact defendant's prior convictions were constitutionally invalid and, therefore, an improper subject for consideration by the sentencing judge, defendant was required to present: (1) prima facie proof that the previous convictions were constitutionally defective, such as docket entries showing the absence of counsel or transcripts evidencing the same, or (2) evidence that he has requested such records and has not received them. *People v Schram,* 98 Mich App 292; 296 NW2d 840 (1980); *People v Moore, supra.* Defendant failed to make a factual record at the trial level regarding the invalidity of his prior convictions and up to the time of this appeal has failed to invoke a *Tucker* hearing by offering the above required evidence. Therefore, remand so that defendant might file a motion in the trial court to vacate his sentence is inappropriate.

Affirmed.