*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ANDY PAUL COY, also known as
ANDY PAUL COY, JR.,

      Defendant-Appellant.

UNPUBLISHED
September 22, 2022

No. 358658
Van Buren Circuit Court
LC No. 21-022933-FH

Before: MURRAY, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

Defendant appeals as of right his conviction of taking possession of and driving away a motor vehicle, MCL 750.413. Defendant was sentenced as a fourth habitual offender, MCL 769.12, to serve 30 months to 15 years in prison. We affirm.

## I. BACKGROUND

This case arises from the theft of an all-terrain vehicle (ATV) from Victoria and Tyler Black's residence. The ATV in question was never recovered. On March 1, 2021, at approximately 3:20 p.m., Ms. Black witnessed an unknown individual wearing a hood drive the ATV into the woods and away from their property. The ATV was a camouflage 2006 Yamaha Grizzly 600 with a yellow snow plow mounted to the front of it. The key belonging to the ATV had a black rubber grommet with white paint speckles on it due to an overspray that had occurred years prior while Mr. Black was painting in his garage. At the time the unknown individual took the ATV, its key was kept in its ignition. Timothy Babcock testified at trial that someone with a dark blonde beard, consistent with defendant's facial hair, and a dark hood crossed his property while driving a dark ATV with a yellow plow attached to the front on March 1, 2021. Additionally, Joseph Wooding testified at trial that defendant drove to his trailer on that same date riding a dark ATV with a yellow plow attached to it, claiming to be looking for someone. According to Wooding, defendant introduced himself as Andy Coy. Furthermore, Van Buren County Sheriff Daniel Abbott responded to a 9-1-1 call from Ms. Black that day and tracked the stolen ATV's tire

tracks to Wooding's residence that afternoon. Wooding testified that Sheriff Abbott arrived at his residence approximately 5-10 minutes after defendant had departed on the ATV.

The day after the ATV's disappearance, Van Buren County Deputy Sheriff Eric Calhoun visited defendant's residence and found a set of keys on defendant's person, one of which had a black grommet and was speckled with white paint, matching the key belonging to the Black's ATV.

On March 3, 2021, Trooper Miniat searched the property where defendant resided and discovered a yellow plow hidden under some branches. Mr. Black identified the yellow plow as his own because of a blue sticker on its backside and the two bolts missing on the bottom edge. Furthermore, Trooper Miniat testified at trial that the size of the footprints he observed on the Black's property matched defendant's shoe size.

The trial court found that defendant's renditions of the events varied significantly over time. Defendant testified at trial that a man named Chris Picoch brought a camouflage ATV with a yellow plow on it to his house and offered to sell it to him on March 1, 2021. Defendant claimed that he test-drove the ATV to his brother's trailer at approximately 4:00 p.m., where he met Wooding, but ultimately decided not to buy the ATV. However, during defendant's initial interview with Michigan State Police Trooper Max Miniat on March 2, 2021, defendant claimed that he took his personal ATV to see his brother and had no knowledge about a camouflage ATV with a yellow plow on it. Yet, in defendant's second interview with Trooper Miniat, only one day later, defendant reported that Picoch tried to sell him an ATV fitting the description of the stolen one. However, even in his second interview, defendant never claimed that he took the ATV for a test drive. Defendant's statements concerning his possession of the keys also varied, first claiming the keys to be random and later definitively stating at trial that the keys belonged to his personal ATV.

The trial court found that to satisfy a guilty verdict under MCL 750.413, the following elements must be proved beyond a reasonable doubt:

> First, that the vehicle belonged to someone else. Second that the defendant took possession of the vehicle and drove or took it away. Third, that these acts were both done without authority or without the owner's permission. Fourth, that the defendant intended to take possession of the vehicle and drive or take it away.

In drawing its conclusion that the first and third elements were met, the trial court relied upon the Black's testimony that they owned the ATV in question and had not given anyone "authority or permission to take their ATV" on March 1, 2021. Regarding the second and fourth elements, the trial court found that the prosecution proved beyond a reasonable doubt that defendant took possession of the vehicle, drove it away, and intended to do so. The trial court relied on the testimony of Babcock and Wooding about seeing defendant, or someone matching the description of defendant, driving an ATV that matched the description of the Black's ATV on March 1, 2021. The trial court also relied upon the key found on defendant's person, the plow found on or near defendant's property, Sheriff Abbott's tracking of the stolen ATV to Wooding's residence, and the footprints on the Black's property matching defendant's shoe size.

-2-

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues that the evidence was insufficient to support his conviction of taking possession of and driving away a motor vehicle. Specifically, defendant claims that the evidence was insufficient to conclude beyond a reasonable doubt that he either intended to take possession of or actually took possession of the Black's ATV.

An appellant may challenge the sufficiency of the evidence for the first time on appeal, and does not need to have taken any prior procedural steps to do so. *People v Patterson*, 428 Mich 502, 514-515; 410 NW2d 733 (1987); *People v Osby*, 291 Mich App 412, 415; 804 NW2d 903 (2011). A challenge to the sufficiency of the evidence is reviewed de novo. *People v Cline*, 276 Mich App 634, 642; 741 NW2d 563 (2007). In conducting a de novo review, the appellate court must view the evidence in a light most favorable to the prosecution, and determine whether a reasonable fact finder could find defendant guilty beyond a reasonable doubt. *People v Hardiman*, 466 Mich 417, 421; 646 NW2d 158 (2002).

MCL 750.413 provides, in relevant part, "Any person who shall, wilfully and without authority, take possession of and drive or take away . . . any motor vehicle, belonging to another, shall be guilty of a felony . . . ." This crime is comprised of four elements: "(1) possession of a vehicle, (2) driving the vehicle away, (3) that the act is done wilfully, and (4) the possession and driving away must be done without authority or permission." *People v Hendricks*, 200 Mich App 68, 71; 503 NW2d 689 (1993), aff'd 446 Mich 435 (1994). Proof that defendant intended to permanently deprive the rightful owner of her property is not required. *People v Murph*, 185 Mich App 476, 481; 463 NW2d 156 (1990). MCL 750.412 defines the term "motor vehicle" to include "all vehicles impelled on the public highways of this state by mechanical power, except traction engines, road rollers and such vehicles as run only upon rails or tracks."

A fact finder can reasonably infer from circumstantial evidence, such as witness testimony, that a defendant took possession of and drove away a motor vehicle. *People v Helcher*, 14 Mich App 386, 388-390; 165 NW2d 669 (1969). In *Helcher*, one witness testified that defendant took him for a ride on the day the vehicle in question went missing in a car that defendant said was stolen. *Id.* at 387-388. Another witness, defendant's brother, testified that defendant gave him a ride in a car that matched the make and year of the stolen vehicle, and that defendant did not own the vehicle. *Id.* at 388. This Court found that the jury could reasonably infer from witness testimony that defendant was in possession of the stolen vehicle shortly after it was taken. The Court affirmed defendant's conviction and held that "[p]ossession of recently stolen property permits an inference that the possessor committed the theft." *Id.* at 389.

Similarly, here, the testimony of two witnesses who saw defendant, or someone who looked just like defendant, riding on the Black's ATV on the date it was stolen provided a reasonable basis to infer that defendant took possession of and drove away said ATV. On March 1, 2021, Babcock witnessed someone wearing a dark hood who had a dark blonde beard, consistent with defendant's facial hair, drive a camouflage ATV with a yellow plow across his land. Then, according to Wooding's testimony, less than an hour after the Black's ATV was stolen defendant came to Wooding's trailer riding a camouflage ATV with a yellow plow and introduced himself as Andy Coy. Given Babcock and Wooding's testimony that defendant was driving a vehicle identical to the Black's stolen ATV, a reasonable fact finder could infer that defendant was driving

-3-

the Black's ATV that day.  Furthermore, defendant's possession of the Black's ATV so soon after it was stolen permits the inference that defendant was the one who stole it.  *Helcher*, 14 Mich App at 389.

The trial court found that the record included additional evidence to support defendant's conviction.  A mere 5-10 minutes after defendant left Wooding's trailer, Sheriff Abbott tracked the tire treads from the Black's ATV there.  While the ATV was never recovered, the record shows that defendant was in possession of items related to the stolen ATV.  Specifically, Deputy Calhoun found a key on defendant's person fitting the description of the key that went to the Black's ATV, and Trooper Miniat found the yellow plow that was attached to the Black's ATV on or nearby defendant's property.

Viewing the evidence in a light most favorable to the prosecution, there was sufficient evidence for the trial court to conclude, beyond a reasonable doubt, that (1) defendant possessed the Black's ATV, (2) he drove that ATV away from the Black's property, (3) defendant purposely did so, and (4) he did so without permission from the Black's.

Affirmed.


/s/ Christopher M. Murray
/s/ Colleen A. O'Brien
/s/ James Robert Redford